ANCUS M. HOFFAR, father and next friend of his infant children, *vs.* EDW. N. STONESTREET, Ex'cr of CATHARINE STONESTREET.

Parties asking a reversal of an order of the orphans court must appear to have a standing in court, and to have been injured by the order appealed from; and if they fail to do this their appeal will be dismissed.

APPEALS from the Orphans Court of Charles county.

These were two cases between the same parties, and will be reported together. In the *first* case, the appellants filed their petition in the orphans court, alleging, that Catharine Stonestreet by her will appointed the appellee, her executor; that there has been a re-appraisement for distribution of the property devised by the will, which exceeded the appraisement by $707, on which excess the orphans court allowed ten *per cent.* to the executor, which allowance they pray may be corrected. The court was of opinion, that the allowance was correct according to law, and ordered the petition to be dismissed, and for this order the petitioners appealed.

In the *second* case, the same parties, appellants, filed their petition, alleging, that the appellee has received moneys of his testatrix, and owes her a note, for which he has not accounted, though he has proceeded to settle up the estate, and praying that he may be required to account for the same. This record then sets out the will of Catharine Stonestreet, by which it appears, she devised one half of all her property to the children of her sister, Mary Ellen Hoffar, to be equally divided between them, and paid over to them as they severally arrive at the age of twenty-one, or are married, and until that time, the appellee was to retain the profits and interest thereon, and apply it towards their education and maintenance. The appellee answered, and denied all the allegations of the petition, and insisted that he had accounted for all moneys that came to his hands as executor, and that the orphans court has now no jurisdiction over the matter, the estate having been finally settled and distributed. The court was of opinion, that the executor having settled up a final account, cannot he held to account in this court through want of jurisdiction, and ordered

the petition to be dismissed, and from this order the petitioners appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J., on written notes by *Robert S. Reeder* for the appellants, and by *George Brent* and *Alex. Randall*, for the appellee. The ground upon which the appeals were dismissed by this court, renders any report of the arguments in the cases unnecessary.

TUCK, J., delivered the opinion of this court, in the *first* case, as follows:

The appellants filed their petition in the orphans court of Charles county, praying to have corrected an allowance of commissions made to the appellee as executor of Catharine Stonestreet.

We cannot express any opinion as to the propriety of this allowance, for the reason, that the appellants do not appear to have any interest in the estate. The will is not exhibited, nor is there any allegation or proof, that the petitioners are the same persons indicated in the will as the children of the sister of the testatrix. We must decide the case without reference to the reason assigned by the court below. If they have erred, which we do not mean to intimate, the parties claiming a reversal of their order must appear to have a standing in court, and to have been injured by the proceedings below.

*Appeal dismissed with costs.*

In the *second* case, the same judge delivered the opinion of this court, as follows:

The parties in this case appear to be the same as in the preceding. Although the petition was filed for a different purpose the same objection applies to both records.

The will of Catharine Stonestreet does appear in this record; but the petition does not aver, nor is there evidence to show, that they are the legatees, and that there was any balance of the estate to be held and disbursed by the appellee, under her will. We decline expressing any opinion as to the question of jurisdiction of the orphans courts in such cases.

*Appeal dismissed with costs.*