BERNARD REILLY and RICHARD BERNARD, Adm'rs *c. t a.* of JAMES DOUGHERTY, and RICHARD SHANNON *vs.* GEORGE W. DOUGHERTY.

*Practice in the Orphans' Court-Caveat and issues.*

It is error in the Orphans' Court to transmit for trial issues touching the validity of a will, until the Court is satisfied of the petitioner's right to maintain the suit.

APPEAL from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ALVEY, IRVING, and RITCHIE, J.

*Richard Bernard,* and *William M. Merrick,* for the appellants.

*Thos. R. Clendinen,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The will of James Dougherty having been admitted to probate in the Orphans' Court of Baltimore City, George W. Dougherty, the appellee, filed his petition alleging himself to be the son of the testator, and praying the revocation of the letters of administration which had been granted to Bernard Reilly and Richard Bernard, two of the appellants, and that the probate of the will might be vacated, because the testator was not of sound and disposing mind, and capable of executing the same; and because the same was procured by undue influence. This

Reilly, *et al. vs.* Dougherty.

petition prayed that issues based upon the allegations of the petition should be framed and sent to a Court of law for trial. The executors and legatees answered the petition, not only denying the allegations affecting the validity of the will, but also denying that the petitioner was a son of the testator and had any rightful standing in Court to assail the will. The answer averred that he was not begotten nor born during wedlock, or whilst the bands of marriage between his alleged father and mother had legally subsisted, and prayed that the petition should be dismissed. The appellee, after the respondents had filed their answer, filed an amended petition setting forth the date of the marriage of his father and mother, and of his birth in the year following, and alleging the reasons why the will should not have been probated, and that probate should not stand. The appellants again answered denying the allegations impeaching the will, and again specially denying that the petitioner was the son of the testator, and had the right to institute such proceeding. This answer prayed, that, as preliminary to entertaining, at the instance of the petitioner, any inquiry respecting the validity of the will, proof be taken before the Orphans' Court or upon issues to be directed for that purpose, and that judgment be given on that plea. The Orphans' Court disregarded this prayer of the appellants and framed issues respecting the right of the petitioner to maintain the proceeding, and respecting the validity of the will, to be tried in a Court of law at one and the same time. The appellants excepted to the issues as framed for the reason, that the question of the right of the petitioner to ask for issues touching the validity of the will, was a preliminary one, and the sole question upon this appeal is whether the appellants were entitled to have the legitimacy of the petitioner first tried and decided.

We see no reason why the rule laid down in *Tyler vs. Murray,* 57 *Md.,* 438, as applicable to common law Courts

should not prevail also in Courts of special and limited jurisdiction. The doctrine, there established is, in the language of the Supreme Court of the United States, (*Sheppard, &c. vs. Graves,* 14 *Howard,* 509,) that matters which appertain solely to the jurisdiction of the Court or *the disabilities of the suitor should never be blended* with questions which enter into the subject-matter of the controversy." Sound reason and policy would seem to require the same rule to be applied in the Orphans' Court, and especially to a case of this character. Indeed, we think this principle is distinctly declared, and we think settled by the case of *Brewer & M'Colgan, Ex'rs, et al. vs. Barrett, et al.,* 58 *Md.,* 593. In that case this Court said: "Interest in the property is the very foundation of the right to caveat. The Orphans' Court therefore should be satisfied that the caveators have the right to maintain the suit *before* they transmit the issues." In that case the Court thought, that it sufficiently appeared, from the admissions of the pleading, that the contestants' right did exist and that the Court acted rightly in sending the issues; but the distinct rule is laid down that the Orphans' Court must be satisfied of the parties' right to ask for the issues, *before* the issues are sent. The Court, of course, upon the submission of parties could have decided this preliminary question without issues, and having found affirmatively, issues would properly go. But the matter was not passed on by the Court. The decision of a jury upon that question as a preliminary one, was asked for. This was denied; and issues were framed for trial before a jury, blending the question of legitimacy and right to caveat with the questions touching the will's validity.

If the decision of this Court in *Brewer & M'Colgan's Case* is to be adhered to, it was error in the Orphans' Court, to send any issues touching the validity of the will until the Court was first satisfied of the petitioners' "right to maintain the suit;" which was denied, and was prayed

Reilly, *et al. vs.* Dougherty.

to be inquired of by a jury, It does not seem reasonable or just to require executors and beneficiaries of a will to defend it upon the application of any intruder who may choose to prefer a right. A long trial might result on the validity of the will when the jury might find, in the end, that the caveator was without right to make the contest. A doctrine, which involves such injustice, and in some cases the exhaustion of the whole estate, upon a hypothetical right only, cannot be sound. Without fair and reasonable grounds upon which to base the denial, it would not ordinarily be resorted to. The possibility of such denial being wantonly interjected, is no reason against the rule which is promotive of justice in the main. There may be conceivable instances where the rule would result in hardship; but no rule is without exception, and the general benefit flowing from it fully justifies it. If the caveator be a genuine heir, or actually interested, in *most* cases it would involve but a brief inquiry to prove it, and there is no injustice in requiring that of him, in the start. This would seem to be a logical necessity to give proper effect to the doctrine indicated in *Hoffar vs. Stonestreet, Ex.*, 6 *Md.*, 303, *Cecil vs. Cecil, et al.*, 19 *Md.*, 72, and *Munnickhuysen, et al. vs. Magraw*, 57 *Md.*, 172, and so clearly announced in the case of *Brewer and M'Colgan vs. Barrett*, 58 *Md.*, 593.

It follows that the order of the Orphans' Court must be reversed and the cause remanded.

*Reversed and remanded.*

(Decided 19th June, 1883.)


MILLER, J., dissented.