OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

JUNE TERM, 1918.

Marie A. C. Eugster, complainant-appellant,

*v.*

Jean B. Eugster, defendant-respondent.

[Decided June 18th, 1918.]

1. The right to appeal from a decree in chancery only exists in favor of a person aggrieved by such decree.

2. Where the effect of a decree of the court of chancery is to leave the parties in exactly the position the appellant claims they were from the beginning, she cannot appeal from said decree, as she is not a "person aggrieved" thereby.

On appeal from a decree in chancery.

*Mr. J. Emil Walscheid,* for the appellant.

*Messrs. Queen & Stout,* for the respondent.

The opinion of the court was delivered by

.   GUMMERE, CHIEF-JUSTICE.

The complainant and defendant, at the time of the filing of the bill in this case, were wife and husband, their marriage occurring on the 23d of November, 1910. Before their marriage they entered into an agreement for the establishment and carrying on of an embroidery business at West Hoboken, by the terms of which the intended wife was to purchase the necessary land, and erect and equip the embroidery factory upon it; Mr. Eugster on his part was to operate the business (in which he was an expert), and, after making certain payments provided in the agreement, the net profits were to be divided between the parties.

In 1912 the relations of the husband and wife, both matrimonial and business, having ceased to be harmonious, Mrs. Eugster filed the bill in this case praying for an accounting by her husband of the profits made out of the business, and the appointment of a receiver. Pursuant to the prayer of her bill the court of chancery directed an accounting to be taken between the parties before Special Master Asper, and this officer of the court, after hearing the parties and their witnesses, and examining the exhibits submitted to him, reported that the net assets or profits of the business up to the date of the making of the order of reference (approximately), amounted to $6,243.20, and that one-half of these net assets or profits belonged to each of the parties. Upon the coming in of this report, Vice-Chancellor Lewis, after hearing counsel for both parties, affirmed it, and thereupon advised a decree adjudging that the parties had been copartners in the business; that the partnership "be and the same is hereby dissolved;" that the embroidery business, and the premises upon which it was carried on, together with all machinery and other appurtenances and appliances located therein, were the property of the complainant, subject, however, to a lien for the payment

of the debts of the business, and the sum found to be due to the defendant on the accounting.

From the decree entered upon the advice of the vice-chancellor the complainant has appealed.

The first ground of appeal is that the evidence does not warrant a finding that a business partnership existed between the complainant and the defendant.

Whether the business arrangement between these parties entered into prior to their marriage constituted them partners; and, if it did, whether the partnership relation was terminated by their subsequent marriage, we do not find it necessary to consider. Conceding the contention of complainant's counsel to be sound in law, she is not legally aggrieved by the adjudication upon this point, and for this reason: The adjudication declaring the existence of a partnership had no effect until it was pronounced—that is, no partnership existed in fact until the court of chancery declared otherwise. In conjunction with this declaration was a further adjudication that the partnership which was then created "be and the same is hereby dissolved." The net result of the judicial action complained of, therefore, was to leave the complainant and the defendant, so far as a partnership between them was concerned, in exactly the position which she claims they were in from the beginning. Relief by appeal from chancery is only for "persons *aggrieved*" by the order or decree appealed from. *Beckhard* v. *Rudolph, 68 N. J. Eq. 749.* And a party aggrieved is one whose personal or pecuniary interests, or property rights, have been injuriously affected by the order or decree. *Swackhamer* v. *Kline's Administrator, 25 N. J. Eq. 503; Parker* v. *Reynolds, 32 N. J. Eq. 290; Andress* v. *Andress, 46 N. J. Eq. 528.*

The next ground of appeal is that the contract between the parties relative to the operation of this embroidery business is not enforceable in equity, for the reason that it does not express the free and uncontrolled intention of the parties, or, rather, of the complainant. The question thus raised is one purely of fact; the vice-chancellor determined it against the complainant, and our examination of the proofs sent up with the appeal satisfies us that he was entirely justified in so doing.

It is next asserted as a ground for appeal that the evidence did not warrant a finding that the defendant was entitled to $3,-190.77 by way of profits. The ground upon which this contention is based is thus stated in the brief of counsel: "If there was an equitable partnership under which defendant was entitled to profits, and if either party had a right to terminate it, such termination must be inferred from the filing of the bill of complaint, and from that time forward at least, defendant must be considered a trespasser in the business." No argument is submitted in support of this contention, and we are unable, without the assistance of counsel, to discover any merit in it.

The fourth ground of appeal is based upon the following proposition, viz., a married woman cannot enter into a business partnership with her husband, nor can she be held to pay him for service. What we have already said upon the question of the partnership between these two litigants is dispositive of this point. Moreover, there is nothing in the case to show any agreement on the part of the complainant to pay the defendant for his services. On the contrary, there was a joint adventure and an agreement to divide the profits of it between the parties to it.

Lastly, it is contended that the defendant held the property of the complainant as a trustee *ex maleficio,* and, consequently, is not entitled to compensation. The answer to this proposition is twofold—*first,* upon the proofs submitted there was no ground for holding the defendant to be a trustee for the complainant; *second,* there was no allowance to him of any compensation, but a mere division of the profits between him and his wife as ascertained by the accounting which she sought by her bill.

The decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—12.

*For reversal*—None.