M. TILGHMAN JOHNSTON, Individually and as Executor and Trustee, *vs.* J. McKENNY WILLIS, Executor, et al.

*Will—Who May Caveat—Claimant Under Prior Will.*

One not related in any way to testatrix, and not having, as an individual, any interest in her property, cannot, in his individual capacity, maintain a caveat to the will.          p. 240

One is not entitled to caveat a will merely because he is named as an executor in a prior will executed by the same testator.                                                    p. 240

Any person having an interest in the property of testator in the event the will is annulled has the right to caveat his will, regardless of whether his interest arises from his relationship to decedent, as in the case of an heir, or is acquired under the provisions of a prior will.                          p. 241

A trustee under a will, given the legal title, who was to collect the rents and profits, and manage and control the property, who was authorized to sell and reinvest, and was directed to determine the apportionment of the income between the beneficiaries, had such an interest as entitled him to caveat a subsequent will of the same testatrix.          pp. 241-244

*Decided January 21st, 1925.*

Appeal from the Orphans' Court of Talbot County.

Petition and caveat by M. Tilghman Johnston, executor and trustee under an alleged will executed by Mae Bingham Manders, deceased, attacking an alleged later will executed by said deceased, to which proceeding J. McKenny Willis, executor named in said later will, and others, named therein as beneficiaries, were made defendants. From an order dismissing the petition and caveat, the caveator appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, and WALSH, JJ.

*G. Elbert Marshall,* for the appellant.

*Charles J. Butler* and *Blades, Rosenfeld & Frederick,* submitting on brief, for the appellees.

WALSH, J., delivered the opinion of the Court.

This is an appeal from a decision and order of the Orphans' Court for Talbot County, and, under the views hereinafter expressed, the only question to be determined is the legal right of the appellant, individually or as executor or trustee under a prior will of Mae Bingham Manders, deceased, to file a caveat to a subsequent will of said decedent.

On November 8th, 1923, Mae Bingham Manders, hereinafter called the testatrix, executed a paper writing purporting to be her last will and testament, in which, after making three bequests, she devised and bequeathed all the rest and residue of her estate to the appellant, M. Tilghman Johnston, in trust for her husband during his life, and then absolutely to her husband's sisters. On November 9th, 1923, a codicil was added, directing the trustee to pay such part of the income as he might deem proper to the mother-in-law and father-in-law of the testatrix during their lifetime, and continuing the trust as long as any of the three beneficiaries remained alive.

The trustee was "to collect the rents, issues and profits" of the estate, and he or his successors in the trust were authorized "to make any change in the trust fund which he or they may deem judicious, and to that end to sell and convey any property belonging to said trust, either real or personal, the proceeds thereof to be reinvested in good and well-secured investments, which shall go and remain in the same trust." The appellant was also named as executor.

On April 17th, 1924, the testatrix executed another paper writing purporting to be her last will and testament, in

which, after making one bequest of $2,000 to her mother-in-law, she gave and devised all the rest and residue of her property to her husband absolutely, and named J. McKenny Willis, one of the appellees, as executor. The testatrix died on May 2nd, 1924, and on May 6th, 1924, each of the above mentioned paper writings was offered for probate, as her last will and testament, in the Orphans', Court for Talbot County.

On May 23rd, 1924, the appellant, as executor and trustee under the alleged will of November 8th, 1923, filed a caveat to the probate of the alleged will of April 17th, 1924, and on June 17th, 1924, the appellees, who were respectively the executor named in the subsequent will, the husband, and the mother-in-law of the testatrix, filed a petition alleging, among other things, that the appellant did not have the right "in his capacity as executor and trustee under the former will" to maintain the caveat proceedings. The appellant answered the petition of the appellees, asserting in his answer that he did have the right to maintain the caveat proceedings, issue was joined, testimony taken before the orphans' court, and on July 22, 1924, the court rendered the following decision dismissing the caveat:

> "The court finds that M. Tilghman Johnston has not the legal right to caveat the last will and testament of Mae Bingham Manders on the ground that he is not an heir to her estate, and has not such interest in her estate as would entitle him to caveat the said will, and we therefore dismiss his petition and caveat."

From this decision and order M. Tilghman Johnston has appealed to this Court. At the hearing before the orphans' court a number of exceptions were taken by both sides to the introduction of evidence, and some of the evidence admitted was, in our opinion, immaterial and irrelevant to the only issue before the court, namely, the right of the appellant to maintain the caveat proceedings. *Safe D. & T. Co. of Baltimore v. Devilbiss,* 128 Md. 182; *Meyer v. Henderson,* 88 Md. 589; *Reilly v. Dougherty,* 60 Md. 276. However, little

stress was laid on the rulings on evidence in either the briefs
or argument; and, as it would serve no useful purpose to go
over them in detail, we will not discuss them further than to
say that in none of them do we find any reversible error.
This brings us to a consideration of the real issue.

The appellant clearly had no right as an individual to
maintain the caveat proceedings. His right in this capacity
was discussed and denied in the appellee's brief, but no claim
to such a right was made in either the brief or argument of
the appellant, nor could such a claim be successfully made.
The appellant, so far as the record shows, was not related in
any way to the testatrix, nor did he have, as an individual,
any interest whatever in her property, and it is the settled
law of this State "that a stranger or one having no interest
in the property of a testator has no right to caveat his will.
Interest in the property is the very foundation of the right to
caveat." *Brewer v. Barrett.* 58 Md. 587; *Safe D. & T. Co.
of Baltimore v. Devilbiss, supra.* Nor did he have such a
right by virtue of being named in the prior will as executor.
*Helfrich v. Yockel,* 143 Md. 371. In this last-mentioned
case, speaking through Judge Pattison, this Court said:
"The right conferred upon the appellant by the will, as first
executed, and withdrawn from him by the codicil, to serve
as executor, and to receive commissions for his services as
executor when rendered by him, cannot, we think, be re-
garded as an interest in the property and estate of the tes-
tator entitling him to caveat the codicil."

The question of the appellant's right, in his capacity of
trustee under the prior will, to maintain the caveat proceed-
ings, presents more difficulty.

There is no statute in Maryland describing or specifying
the persons who may caveat wills, but this Court has passed
upon the question in a number of cases, and the general rule
deducible from these decisions is that any person having an
interest in the property of the testator in the event the will
is annulled has the right to caveat his will. *Safe D. & T. Co.
of Baltimore v. Devilbiss, supra; Home for Aged v. Bantz,*

106 Md. 147; *Helfrich v. Yockel, supra; Brewer v. Barrett, supra; Munnikhuysen v. Magraw,* 57 Md. 172. And the right exists whether the interest of the caveator arises from his relationship to the decedent, as in the case of an heir, or is acquired under the provisions of a prior will, as in the case of a legatee or devisee under a prior will. *In re Estate of Mary J. de Garmendia,* 146 Md. 47. And the same rule exists, by virtue of statutes or decisions, in practically all the other states. See authorities collected in the notes in *L. R. A.* 1918 A., 447 *et seq.,* and *Ann. Cases* 1917 C, 906 *et seq.* See also 40 *Cyc.* 1241 *et seq.; Joseph on Contest of Wills,* 5; *Alexander's Commentaries on Wills;* vol. 3, page 2036; *Schouler on Wills,* vol. 2, page 846.

It appears, then, that a legatee or devisee under a prior will has, and an executor has not, in Maryland, sufficient interest in the testator's property to caveat a subsequent will which lessens or destroys that interest. In which class shall a trustee under a prior will be placed? There is, according to the weight of authority, a clear distinction between a trustee, as that term is usually understood in the law, and an executor or administrator. 11 *R. C. L.,* par. 4, page 21; 23 *C. J.* 1170-1171; *In re Hibbler's Estate,* 78 N. J. Eq. 217, affirmed in 79 N. J. Eq. 230. "An administrator is sometimes spoken of as holding the estate in his hands in trust. Wrongdoers are sometimes held to be trustees in order to effect equity in particular cases, and so an office is spoken of as a trust. * * * But an administrator cannot be considered a trustee in the sense in which the words are ordinarily used." *Conway v. Arminger,* 11 R. I. 116, 117. In the case of *In re Hawley,* 104 N. Y. 261, the Court, in distinguishing between them, said: "To constitute a testamentary trustee it is necessary that some express trust be created by the will. Merely calling an executor or guardian a trustee does not make him such. Every executor and every guardian is, in a general sense, a trustee, for he deals with the property of others confided to his care; but he is not a trustee in the sense in which that term is used in courts of equity and in the

statutes." And in *Cornwall v. Todd,* 38 Conn. 443, 444, it was held that the word 'trustee,' as used in statutes requiring personal property in the hands of a trustee to be assessed in the town in which such trustee resides, does not include an executor or administrator as such, during settlement of the estate, and before distribution. See also *In re Anderson's Estate,* 5 N. Y. Leg. Obs. 302, 303; *Leonard v. Haworth,* 171 Mass. 496; *Words and Phrases,* vol. 8, page 7132. We have found no case in Maryland, or elsewhere, in which the right of a trustee under a prior will to caveat a subsequent will has been specifically passed upon, but our predecessors in the case of *Munnikhuysen v. Magraw, supra,* discussed in some measure the rights which a testamentary trustee has regarding his testator's will. In that case the orphans' court had set aside the testator's will, and the appellant some time later filed a petition asking that the will be probated and established. In passing upon his right to maintain the petition the Court said:

"If it be true that this appellant has no other interest than as creditor of the alleged testatrix; we are of the opinion he has no such interest in the question, whether the will was good or bad, as entitles him to controvert the action of the orphans' court about it. He must have some interest under the will to give him standing in court, to contest or defend it. *Hoffer v. Stonestreet,* 6 Md. 303. It is true that he has pressed his right to have the order of the orphans' court set aside in his petition and in his brief in this Court, especially on the ground of his being a creditor of the estate; and he has laid little stress on the fact that by the will, as he has set it out in his petition, large property, real and personal, was left to him in trust for Emily H. Magraw. He does not allege in his petition that he has renounced that trust. He does not state that he has renounced the executorship. He does not state whether he has or has not renounced the trust. He distinctly asserts it as created by the will. If he has not renounced it, he has such an interest as to justify his interference in this way, * * *; for the title to the property real

and personal, so devised and bequeathed to him in trust, is in him." It is true, as stated in the appellees' brief, that the trustee in the above case was seeking to establish his testator's will, but the court certainly intimated that his interest as trustee was sufficient to either "contest or defend," and the reason given was because "the title to the property, real and personal, so devised and bequeathed to him in trust, is in him."

In *Stewart's Estate,* 107 Iowa 118, cited with approval by this Court in *Helfrich v. Yockel, supra,* the court, in holding that an executor under a prior will could not caveat a subsequent will, said, *inter alia,* "It is claimed, however, by appellants, that an executor has, by virtue of his office, a property interest in the personal estate. Any such interest is a mere naked trust upon which no such right as that here claimed can be predicated. An executor, as such, *unlike a trustee, whose office is created by the will* (italics ours), is clothed with no discretion. His duties and authority, fixed by law, make him but a channel through which the property passes to those entitled by the terms of the instrument."

These authorities establish the difference which exists between a trustee, clothed with the title and charged with the management and control of the trust property, on the one hand, and an executor with his limited rights and duties on the other, and the chief element of that difference is that the interest of the trustee in the trust property is held to be of a decidedly more substantial nature than is the interest of an executor in the property of his decedent.

In addition to the above, this Court, in the case of *Munnikhuysen v. Magraw, supra,* and the Iowa court, in *Stewart's Estate, supra,* both strongly intimated that a trustee under a prior will would have sufficient interest in the testator's property to caveat a subsequent will which deprived him of that interest.

In the case at bar the prior will of the testatrix gave the appellant the legal title to all the estate of the testatrix, except $2,000. He was to collect the rents, issues and profits,

and manage and control the property; he was authorized, in his discretion, to sell all or any part of it, and to invest and reinvest the proceeds of any such sales; and he was further directed to determine the proportions in which the income from the trust estate was to be divided between the three beneficiaries of the trust. Aside from complete ownership, it is difficult to imagine a case in which a person could have more sweeping powers, wider discretion, or a greater interest, than was given the appellant by the will of November 8th, 1923, and the codicil of November 9th, 1923, and, in our opinion, the interest thus given was sufficient to give the appellant the *prima facia* right to caveat the subsequent will of April 17th, 1924. The order of the orphans' court dismissing his caveat will accordingly be reversed.

> *Order reversed, and cause remanded for further proceedings in accordance with this opinion, costs to be paid from the estate.*