15 N.J. Super. 189 (1951)
83 A.2d 268
IN THE MATTER OF THE ESTATE OF HENRY WELSH ROGERS, DECEASED.
Superior Court of New Jersey, Essex County Court Probate Division.
Decided August 14, 1951.
*194 Messrs. Mills, Jeffers and Mountain (Mr. Horace C. Jeffers appearing), for Morristown Trust Company and Reconstruction Home, Inc.
Mr. Alfred C. Clapp, for Josephine Chesney Sorensen and Robert Freund, individually and as executors of the probated will of Henry Welsh Rogers, deceased, and Robert Freund, as sole trustee under said will.
Messrs. Stryker, Tams and Horner (Mr. Emory C. Risley appearing), for the intervenor, the trustees of Columbia University in the City of New York.
*195 Mr. Charles B. Alling, for the intervenor, the trustees of Princeton University.
NAUGHRIGHT, J.C.C.
Morristown Trust Company, as executor and trustee under a purported will of decedent, Henry Welsh Rogers, and Reconstruction Home, Inc., as a beneficiary thereunder, apply to this court on notice of motion for an order to show cause why the judgment of the surrogate admitting to probate a later will and codicil of said decedent should not be set aside.
On return of the motion the executors and trustee under the probated will and codicil appeared and filed a cross-motion to dismiss the proceedings on the ground that the Morristown Trust Company, as executor and trustee under the purported will, is not a party aggrieved by the probate of the later will and codicil and that Reconstruction Home, Inc., a mere possible appointee under said will, has no interest, vested or otherwise, that will be adversely affected thereby.
Another cross-motion in opposition to this proceeding has been filed by the Trustees of Columbia University and Princeton University, beneficiaries of the residuary trust under the probated will and codicil, who had applied for and were granted leave to intervene as parties in interest. The cross-motion filed by these intervening parties also attacks the standing of the said Trust Company and Reconstruction Home, Inc., to maintain this action, and urges a dismissal of their application for an order to show cause on the ground that their motion fails to show any reasonable cause for reviewing the surrogate's judgment and is, therefore, legally insufficient.
It is further urged by the intervenors that the grounds set forth in the notice of motion are insufficient for granting a review, being mere conclusions of law unsupported by facts either alleged or proved.
It has been made to appear from affidavits filed in the cause that a stockholder and director in the Morristown Trust Company, the executor and trustee under the purported will, *196 witnessed that will. The executors and trustee under the probated will and codicil maintain that this fact is a further reason for dismissal of this action, as the appointment of the Trust Company as trustee is thus voided under R.S. 3:2-8, a statutory provision voiding beneficial appointments, devises, bequests, etc., to attesting witnesses.
The several issues raised on the cross-motions, as to the right of the moving parties to maintain this action, must be disposed of first before there can be any determination of whether the order to show cause should issue. Therefore, the issue that must first be considered is whether this proceeding was properly instituted and the motion filed therein legally sufficient.

I.

WAS THE MOTION OF MORRISTOWN TRUST COMPANY AND RECONSTRUCTION HOME, INC., PROPERLY MADE AND LEGALLY SUFFICIENT TO INSTITUTE A REVIEW OF THE SURROGATE'S JUDGMENT?
This action was commenced pursuant to Rule 5:3-4 which provides as follows:
"Where judgment has been entered in any action before the Surrogate of any county, any person aggrieved by the judgment may move before the County Court of the county, on notice to the plaintiff, for an order directed to all persons in interest, requiring them to show cause why the judgment should not be set aside * * *."
Rule 5:3-5 provides in part:
"* * * All actions under Rules 5:3-3, 5:3-4, and 5:3-5 before the County Court shall be proceeded upon in a summary manner under Rule 3:79, except as otherwise directed by the County Court."
Now it cannot be seriously controverted that a notice of motion to institute this action for review is permitted under Rule 5:3-4. The rule expressly states that "any person aggrieved * * * may move before the County Court * * * on notice," etc. The language of the rule seems to allow the *197 use of a motion instead of a complaint on order to show cause, as under Rule 3:79.
In Clapp, New Jersey Practice, Wills and Administration (1950), sec. 979, pages 582, 583, the author makes the following comment:
"The proceeding in the County Court for the review of a Surrogate's judgment is not a new action, but merely a phase of the action before the Surrogate * * *. The plaintiff in the application before the County Court is the plaintiff in the Surrogate's action; the moving party in the County Court, the person who carries the case to the trial tribunal, is merely a party defendant to the cause. A complaint has been filed below, and for the institution of the County Court proceeding, an additional complaint is utterly inappropriate."
Again in Clapp, New Jersey Practice, Wills and Administration (1950), sec. 929, page 583, n. 4, the author says: "A written motion is simpler to prepare and is therefore to be preferred." He further adds that Rule 3:7-2 "would seem to be the proper practice notwithstanding the fact (see Rule 5:3-5) that Rules 5:3-3, 5:3-4 and 5:3-5 are governed by Rule 3:79 * * * under which the order to show cause issues on the presentation of the complaint without a written motion or petition." It would thus appear that a motion is a proper method for instituting a review of the surrogate's judgment.
The parties on one of the cross-motions contend that while a motion as a means for instituting a review of the judgment of probate is sanctioned by this rule, in all other respects the action must be instituted under and conform to Rule 3:79. Rule 3:79 prescribes that the court shall order the defendant to show cause only when it is satisfied with the legal sufficiency of the complaint. Thus, it is concluded, a person seeking such review must establish a fair or reasonable cause for review and in the absence of such facts, the proceeding cannot be maintained.
What is overlooked, however, in this argument is the fact that Rule 5:3-5 does not say that actions under Rule 5:3-4 shall be instituted under Rule 3:79. What Rule 5:3-5 *198 says is that actions under Rule 5:3-4 shall be proceeded upon in a summary manner under Rule 3:79. Rule 5:3-5 seems to indicate that upon return of the order to show cause the action should be proceeded upon in a summary manner. See Clapp, Wills and Administration (1950), sec. 979, page 583.
On the issue of whether fair or reasonable cause for review must be first established before an order will issue, it is stated in Clapp, Wills and Administration (1950), sec. 1546, page 674 that:
"* * * indeed on an application to the County Court for an order to show cause in order to review a Surrogate's judgment, the moving party need not establish that he has fair grounds for contesting the will, before the court will make the order to show cause."
In a recent county court decision, In re Atkinson's Estate, 13 N.J. Super. 587 (1951), the court made this pertinent observation in speaking of a notice of motion for an order to show cause:
"Ordinarily that motion would be granted as of course and an order to show cause would issue to all parties in interest so that the matter might proceed in the same fashion as it formerly did when an appeal from probate was filed."
The parties on the cross-motion have dwelt at length with Rule 3:88-5, governing review by the Superior Court of ex parte probate judgments entered in that court, and the former practice obtaining in the Prerogative Court in respect to the re-probate of a will in solemn form, contending that Rule 5:3-4 adopts the practice under Rule 3:88-5 and the practice that subsisted in our former Prerogative Court in respect to re-probate in solemn form. Neither, however, has anything to do with review of a surrogate's judgment in the county court and, inasmuch as Rule 3:88-5 is expressly rendered inapplicable to the practice in the probate division of the county court by Rule 5:3-1, the contentions are unsound.
If a motion is a proper procedure for instituting suit under Rule 5:3-4, it would seem that the rules applicable *199 to test its sufficiency would be the rules pertaining to motion practice and not those rules applicable for testing the sufficiency of a complaint. All that Rule 3:7-2, the rule governing the form of motion papers, provides is that the motion "shall state the grounds upon which it is made and shall set forth the relief or order sought." Rule 3:7-2 does not require any statement of substantiating facts, nor is there any mandatory requirement set forth in any other governing rule that affidavits must accompany the motion.
It is true that the motion simply alleges as grounds for review that the probated will and codicil were the products of undue influence, coercion, duress, fraud; that they were not properly executed in accordance with the statute governing the execution of wills; and that decedent lacked testamentary capacity at the time of execution. However, the assertion that Rule 3:9-1 requires a particularization of the facts giving rise to the undue influence and fraud disregards the fact that all of Rule 3:9 refers to pleadings. A motion is not a pleading. Motions are dealt with as a separate matter by Rule 3:7-2 and are treated separately throughout Chapter III of Part III of the Rules of the Supreme Court.
Even assuming, arguendo, that the rules required a motion for review under Rule 5:3-4 to show reasonable cause for review and to be substantiated by facts alleged and proven through affidavits filed in the cause, the affidavits subsequently filed by the moving parties, alleging facts in support of the grounds set up in their motion, cure such defect. This court, in the exercise of its discretionary powers under Rule 5:3-4, would be thus compelled to deny the cross-motions on this issue.
Accordingly, the motion of the Morristown Trust Company was properly made and was sufficient to institute a review of the judgment of probate.
It must now be determined whether or not the moving parties are "aggrieved" by the judgment of probate, within the meaning of Rule 5:3-4.

*200 II.

IS MORRISTOWN TRUST COMPANY AS EXECUTOR AND TRUSTEE UNDER A PRIOR WILL OF HENRY WELSH ROGERS AGGRIEVED BY THE PROBATE OF THE LATER WILL?
Under our rules, the right of appeal from a judgment of the surrogate admitting a will to probate has been given to any party aggrieved thereby. Our courts have, as a general rule, defined such "aggrieved" party as one whose pecuniary interest is directly affected by the decree, or one whose right of property may be established or divested by the decree. Eugster v. Eugster, 89 N.J. Eq. 531 (E. & A. 1918); Swackhamer v. Kline's Administrator, 25 N.J. Eq. 503 (Prerog. 1874); In re Lent, 142 N.J. Eq. 21 (E. & A. 1948).
It is apparent from this general rule enunciated by our cases that the foundation for review of a surrogate's judgment falls into two classes: (1) where a pecuniary interest in the estate will be adversely affected by the judgment of probate, or (2) where a property right will be similarly affected.
The contention of the parties opposing this motion is that the sole and exclusive criterion is whether the party has a pecuniary interest in the estate. This, in the light of the above rule, is not well taken. If such were the case then only an heir, next of kin, devisee or legatee could contest the probate of a later will. Inasmuch as we permit an executor, as a party aggrieved, to appeal from the allowance of a counsel fee, In re Babcock's Estate, 112 N.J. Eq. 374 (E. & A. 1932), and allow an executor, trustee, guardian, etc., to appeal from a judgment directing distribution of the estate or construing a will, Green v. Blackwell, 32 N.J. Eq. 768 (E. & A. 1880) (although in neither of these cases is a pecuniary interest involved), the argument would appear unsound.
The problem now becomes one of applying this rather broad general rule to the issue at hand, namely, whether an executor and trustee under a prior will may review the judgment of the surrogate probating a subsequent will.
*201 There is but one case in New Jersey that has any direct bearing on this problem and that is the case of Gaeta v. DeGise's Will, 139 N.J. Eq. 44 (Prerog. 1946). The Gaeta case is pertinent only on the issue of whether the Morristown Trust Company as executor has standing to institute this proceeding. The case involved a narrow question, recognized and propounded by the court as such, namely, the right of an executor purely as such and against the wishes of the beneficiaries, to contest a subsequent will. The court said that the caveator had no such interest in the estate as would enable him to contest the second will  that he was not a beneficiary, heir, or next of kin and that "he does not represent the beneficiaries who make no claim under the first will."
The affidavits filed in the case at bar show that the Morristown Trust Company as executor represents none of the legatees, for one of the two named legatees is actively opposing this motion (she being a life tenant under a trust set up in the purported will and a beneficiary and executor under the probated will as well). The other legatee, an adopted son of the testator, has indicated no desire to contest.
Thus it would appear that the Morristown Trust Company as executor would have no standing to seek review of the judgment of probate because of the peculiar factual circumstances in which, like the apposite situation in the Gaeta case, the legatees are either opposing the action or are indifferent to it.
The prospective commissions it would receive would be for services rendered and not such pecuniary interest in the estate of the testator as would give it grounds to maintain this action. In re Stewart's Estate, 107 Iowa 117, 77 N.W. 574 (1898). Inasmuch as its appointment as executor is not recognized as conferring upon it any property right (see the case of Petition of Worcester County Nat. Bank (In re Legnard's Estate), 263 Mass. 444, 162 N.E. 217 (1928)), there would be no grounds upon which its right to institute suit merely as executor might be predicated.
*202 On the question of the status of the Morristown Trust Company as trustee to review the judgment of probate, the Gaeta case, with its limited holding, is not germane. There are, unfortunately, no cases in New Jersey on the issue of whether said Trust Company as trustee may contest the later will's probate.
The cases outside of New Jersey, by and large, have dealt chiefly with the problem of the right of an executor to caveat or contest a later will. Even in those cases where the courts have denied such right to the executor they have made a distinction, in this respect, between an executor on the one hand and a trustee on the other, holding that the latter has standing as a party aggrieved to institute suit for review. See Reed v. Home National Bank, 297 Mass. 222, 8 N.E.2d 601 (1937); Johnston v. Willis, 147 Md. 237, 127 A. 862 (1925). See also 55 Am. Jur. 555.
According to the weight of authority, there is a clear distinction between a trustee, as the term is usually understood in the law, and an executor or administrator. In re Hibbler's Estate, 78 N.J. Eq. 217 (Prerog. 1910), affirmed 79 N.J. Eq. 230 (E. & A. 1911). The general duties of an executor are to collect the effects of the deceased, pay the claims against his estate and distribute the residue to those entitled. In re Hibbler's Estate, supra. These duties, which are fixed by statute, are limited to the winding up of the estate and are temporary in character, making the executor but a channel or conduit through which the property passes to those entitled, by the terms of the instrument, to the bequests. See In re Stewart's Estate, 107 Iowa 118, 77 N.W. 574 (1898).
A trustee, however, possesses powers of a more substantial nature. His duties are derived in the main from the provisions of the will and he is usually vested with broad discretion in the management and control of the trust property. It is from the testator through the will itself that his authority is derived. Being clothed with legal title to specific property, *203 he is in fact a legatee and takes as such. Reed v. Home National Bank, supra; Johnston v. Willis, supra. See 88 A.L.R. 1175, 112 A.L.R. 657.
An executor, unlike a trustee, does not occupy the position of a legatee. He takes title by virtue of his appointment as executor by the probate court, and his appointment as executor gives him no pecuniary interest or personal right or any duty to perform which gives him standing to contest. Reed v. Home National Bank, supra; Johnston v. Willis, supra.
Since it is well settled that a legatee or devisee under a prior will may contest a later will under which such party takes less than under the prior will, on the ground that he has a potential interest in the estate created by the earlier will, it would seem strange to deny a similar right to a trustee in an earlier will. The potential property interest of a trustee is as important and as real as that of a legatee. Reed v. Home National Bank, supra; Johnston v. Willis, supra. The fact that the trustee takes in a representative rather than personal capacity is immaterial. See Reed v. Home National Bank, supra; Johnston v. Willis, supra.
A trustee under a prior will is just as much injuriously affected, in a legal sense, by a judgment probating a later will as a legatee under an earlier will would be by the probate of a subsequent will cutting off his interest. True, the trustee has no pecuniary interest in the estate, his prospective commissions not being considered such an interest under the will. See In re Stewart's Estate, supra. However, in both cases a potential interest has been destroyed by the judgment of probate  in the former a potential property right; in the latter a potential pecuniary interest. In either case a grievance or injury has resulted for which redress ought to be provided. The fact that the trustee may be motivated by the loss of prospective commissions ought not to detract from the "grievance" that would otherwise exist.
Allowing the Trust Company as trustee to contest is, of course, in complete harmony with the general rule, hereinbefore *204 noted, that the foundation of such right is an interest in property or in the estate itself.
If the position were taken that neither the Morristown Trust Company nor Reconstruction Home, Inc., are parties aggrieved, then under the trust set up in the purported will no one who might ultimately receive the corpus could contest a subsequent will, even though fraudulent. Such an untenable position would not only thwart the testator's will but might invite the effectuation of fraudulent wills.
Accordingly, the Morristown Trust Company as trustee may maintain this proceeding.

III.

HAS RECONSTRUCTION HOME, INC., A CHARITABLE CORPORATION, SUFFICIENT STANDING AS A POSSIBLE APPOINTEE TO REVIEW THE JUDGMENT OF PROBATE?
Under the purported will of decedent, except for certain small legacies and devises to two named individuals, the bulk of the residue is given to the trustee, and after the termination of the life estate, is to be distributed by it to one of three or four charitable organizations as the trustee may select. The trustee is directed to establish:
"a Home for crippled, ill and blind children, * * * preferably in connection with a successfully conducted hospital, first in Philadelphia, Pennsylvania, second in New Jersey, or third in New York City or in the vicinity of these places" and also directed to "get in touch with the Reconstruction Home for Infantile Paralysis Treatment, at Ithaca, New York * * * and if said home is not sufficiently endowed, or is not maintained and operated directly or indirectly by the State of New York, then to arrange by written agreement or contract for the enlargement of said home, and the change of its name to the `Henry Welsh Rogers Reconstruction Home,' * * * provided my said Trustees shall decide after careful examination and consideration that the said Reconstruction Home at Ithaca, New York, would comply more fully with my wishes and desires to render service to crippled children unable to pay for treatment and maintenance than would the establishment and maintenance of a home as set out above in this paragraph."
*205 There are further provisions in the will, but it is not necessary to consider them here.
It can be readily seen from the quoted portions of the will that the Reconstruction Home, Inc., is a mere possible appointee and, as such, has no interest, vested or contingent, in the estate of the testator. See 49 C.J. 1278. While the cases have not defined the extent of the interest necessary to maintain a contest, the generally accepted view is that at least a contingent interest is necessary. 57 Am. Jur., 542, 543. The Reconstruction Home, Inc., does not even have a contingent interest.
In McGill v. Trust Company of New Jersey, 96 N.J. Eq. 331 (E. & A. 1924), the court denied possible appointees under a power of appointment under a will the right to file a bill for construction of the will. In Brown v. Fidelity Union Trust Company, 126 N.J. Eq. 406 (Ch. 1939), the court also denied possible appointees the right to file a bill for construction and, in addition, denied them the right to except to the accounts of the trustees. The court said, in both cases, that such appointees have no contingent interest in the property; they have a mere spes.
Accordingly, the application of Reconstruction Home, Inc., will be dismissed.
The final question for consideration is whether the Morristown Trust Company is disqualified from acting as trustee under R.S. 3:2-8 because one of its stockholders (a director in the company) witnessed the purported will.

IV.

DOES R.S. 3:2-8 DISQUALIFY THE MORRISTOWN TRUST COMPANY FROM ACTING AS TRUSTEE BECAUSE ONE OF ITS STOCKHOLDERS WITNESSED THE WILL UNDER WHICH IT WAS APPOINTED TRUSTEE?
From certain affidavits filed in this proceeding it appears that a party who was both a stockholder and director in the Morristown Trust Company witnessed the will under which *206 the Trust Company was appointed executor and trustee. By virtue of R.S. 3:2-8, a statutory provision voiding beneficial bequests, devises, appointments, etc., to attesting witnesses, it is claimed that the attestation of the purported will by a stockholder in the Morristown Trust Company disqualified the said Trust Company from acting as trustee and from maintaining this proceeding. R.S. 3:2-8 provides as follows:
"No person who has attested a will shall be incompetent to testify concerning the execution thereof by reason of his being a beneficiary thereunder; but whether or not he testifies, as to him and those claiming under him, any beneficial devise, legacy, estate, interest, gift or appointment of or affecting real or personal property, except a charge on real property for the payment of a debt, shall be void."
The above statute presents this question: Does the Morristown Trust Company as trustee have a "beneficial interest" so as to be disqualified from acting as trustee? It should be observed that under the statute not every interest under a will disqualifies one from being a subscribing witness, but only that which is of a "beneficial" nature.
The cases have uniformly held that the term "beneficial interest" thus employed means a financial or pecuniary interest. See Boyd v. McConnell, 209 Ill. 396, 70 N.E. 649 (1904); Appeal of Look, 129 Me. 359, 152 A. 84 (1930); Hitchcock v. Shaw, 160 Mass. 140, 35 N.E. 671 (1893); see also Page on Wills, sec. 319, page 590.
There is no case in New Jersey in which the statute has been construed in respect to a trustee as a witness to a will. There are, however, cases in New Jersey holding that the statute does not void the appointment of an executor who was a witness to the will. See Patanska v. Kuznia, 102 N.J. Eq. 408 (Ch. 1928), affirmed 104 N.J. Eq. 202 (E. & A. 1928); Lippincott v. Wikoff, 54 N.J. Eq. 107 (Ch. 1895). These cases would seem to have a direct and important bearing on the trustee's position herein in this respect. The commissions of an executor are not, under our cases, considered as giving the executor any beneficial or pecuniary interest in the estate. Similarly, the commissions of a trustee should *207 not be considered as giving the trustee any such beneficial or pecuniary interest. On what other basis then could it possibly be held that a trustee has a beneficial or pecuniary interest? Certainly a clear distinction exists between a trustee and an executor (as hereinbefore observed), but no valid distinction may be drawn between the two which is based on a difference in pecuniary interest arising out of the estate through compensation for services rendered.
In the various jurisdictions in which this problem has arisen it has been held, by the greater weight of authority, that a trustee named in a will is a competent attesting witness and the fees or commissions he receives for the administration of his office do not constitute a beneficial interest in the estate, so as to disqualify him from acting as trustee. See Page on Wills, vol. 1, sec. 327; Thompson on Wills (2d ed.), page 162; 68 C.J. 683.
In Leonard v. Stanton, 93 N.H. 113, 36 A.2d 271 (1944), the Supreme Court of New Hampshire said:
"Nor is the will invalid by reason of the fact that Mr. Leonard was one of the subscribing witnesses. The executor named in a will is a competent attesting witness. (Cases cited.) And the same is true of one who is named therein as a trustee. `A trustee acquires no beneficial interest and if any commissions are to be paid to him, they are given as compensation for services and are fixed by law or by the order of the court' * * *."
In Massachusetts, under a statute similar to our own, it has been held that a stockholder of a corporate trustee who witnessed the will was not thereby rendered incompetent as a witness and the appointment of the trustee made void. See Rockland Trust Company v. Bixby, 247 Mass. 449, 142 N.E. 107 (1924); Lord v. Miller, 277 Mass. 276, 178 N.E. 649 (1931). The reason behind such holding was that the interest of the trustee is not a beneficial one.
Attention should be directed to the Massachusetts decisions which show that although a trustee has no beneficial interest under a will as will render his appointment void, he does have sufficient interest to contest a later will. See Reed v. *208 Home National Bank, infra, and Rockland Trust Company v. Bixby, supra. These cases are highly significant, for they demonstrate that the test for determining what a beneficial interest is under this statute is not substantially the same as the test for determining whether a party is aggrieved.
Much stress and emphasis has been placed by the executors and trustee under the probated will, upon the case of In re Palethorp's Estate, 249 Pa. 389, 94 A. 1060 (1915). That case held that because of the broad and virtually unfettered discretion lodged in the trustee, who was given the duty to pay the income of the residue of the estate to "such charitable institutions as my trustees may deem wise," the trustee had a sufficient interest so as to make it an improper attesting witness. It is contended that the trustee in the case at bar had similar broad discretionary powers, and ought to be held, on that basis, to have such a disqualifying interest.
The Pennsylvania statute, however, under which the Palethorp case was decided is totally dissimilar to our statute, R.S. 3:2-8. Under the Pennsylvania statute it is provided that a will shall be attested by two credible or disinterested witnesses. Under such statute the interest disqualifying a witness need not be a matter of personal benefit. See In re Crozer's Estate, 296 Pa. 48, 145 A. 697 (1929).
Under our statute, to disqualify the interest must be a matter of personal benefit  that is, it must be a beneficial or pecuniary one.
Thus, in New Jersey, regardless of what amount of discretion has been vested in the trustee or how extensive and broad his powers may be, he is not disqualified if he does not have a "beneficial interest." In Pennsylvania, on the other hand, a trustee may be disqualified merely by being given broad discretionary powers, even though he may not otherwise possess a pecuniary interest in the estate. See the case of In re Baughman's Estate, 281 Pa. 23, 126 A. 58 (1924).
It is further contended that there is an additional factor in the present case that would seem to give the Trust Company a beneficial interest under the will. In the last paragraph of *209 the purported will the decedent provided that the trustee should receive as compensation for its services as trustee, "the statutory compensation allowed by the law of the State of New Jersey on income, and commissions of one per cent (1%) on principal at the end of each five-year period during which it shall act as such Trustee." The corpus commissions were to be paid out of income. It is argued that the trustee is receiving compensation under the will and therefore has a "beneficial interest."
The argument is without merit. The rate of compensation provided by the will is no greater than the amount allowed by law, and in the case of corpus commissions actually less. It is not a financial bequest or legacy. It is compensation for services to be rendered. There is no provision for a lump sum payment of money in excess of the statutory rate. Accordingly, such provision does not give the trustee a "beneficial interest" in the estate. The trustee is therefore not disqualified under R.S. 3:2-8 from maintaining this action.
The order to show cause to be directed to all parties in interest will issue.