INTERFIRST BANK OF FORT WORTH, N.A., Trustee of the John W. Henderson, III Trust, Relator,

v.

A.O. FIELDS, Respondent.

No. 08–86–00009–CV.

Court of Appeals of Texas, El Paso.

Feb. 26, 1986.

Estil A. Vance, Jr., David C. Bakutis, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for relator.

Charles J. Wittenburg, Davis, Wardlaw, Hay & Wittenburg, San Angelo, for respondent.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

This is an original mandamus proceeding. The Relator seeks relief from an order denying its motion to transfer a will contest to the district court. The mandamus is denied.

In February, 1964, John W. Henderson, III executed both a will and trust agreement. The will left certain personal effects to his two sons, and the rest and residue of his estate was left to the First National Bank of Fort Worth in accordance with the trust agreement and the bank was named independent executor of the will. The trust agreement executed on the same date created an irrevocable trust funded with testator's life insurance policies and property to be passed by his will. The primary beneficiaries were Henderson's two sons. The First National Bank of Fort Worth was named as trustee.

In February, 1983, Henderson executed another will which named an attorney as his executor. Following Mr. Henderson's death in May, 1985, the executor of the will executed in 1983 filed that will for probate in the County Court of Crockett County and such will was admitted to probate and letters testamentary were issued to the named independent executor. In July, 1985, Relator filed in the same probate proceeding a petition to set aside the probate of the 1983 will and for probate of the 1964 will. An amended petition seeking the same relief was filed December 6, 1985. As part of the relief requested, those pleadings sought to have the contested proceedings transferred to the district court of

Crockett County pursuant to the provisions of Section 5(b) of the Texas Probate Code.

On November 21, 1985, the County Judge wrote to all counsel advising that the motion to transfer would be heard on December 16, 1985. On December 10, 1985, the independent executor filed an amended plea in abatement and motion to dismiss in which it was asserted that the bank was not a "person interested" within the meaning of Section 3(r) of the Texas Probate Code and an attack was made upon the standing of the bank to contest the probate of the 1983 will. An amended answer was also filed. At the hearing no witnesses were called, but the proponent of the 1983 will offered into evidence the various pleadings of each party with copies of the attached 1964 will and trust agreement. At the conclusion of the hearing, the judge ruled against the bank and entered an order denying the motion to transfer and granting the independent executor's motion to dismiss, and all claims and causes of action of the contestant bank were dismissed.

By this original proceeding, the bank seeks relief to require that the County Judge grant its motion to transfer. It contends that it was the intention of the legislature by the adoption of Section 5(b) of the Texas Probate Code to require that a lawyer-judge sitting in a probate court, a county court at law or a district court hear all contested probate matters. Thus, it is urged that the non-lawyer County Judge of Crockett County was required to transfer this contest to the district court for decision. The bank relies upon the holding in *McDonald v. Dunn,* 570 S.W.2d 248 (Tex. Civ.App.—Waco 1978, no writ).

The contention is made in behalf of the Respondent that he was required to first determine if the bank had "standing" to contest the probate of the 1983 will and that if it had no standing, there was no reason for a transfer to the district court. Numerous decisions have discussed the meaning of "persons interested" and "contested" and reached the ultimate issue of standing. See: *Brown v. Crockett,* 601 S.W.2d 188 (Tex.Civ.App.—Austin 1980, no writ); *Travis v. Robertson,* 597 S.W.2d 496 (Tex.Civ.App.—Dallas 1980, no writ); *Wright v. Glynn,* 64 S.W.2d 1109 (Tex.Civ. App.—San Antonio 1933, no writ); *Arai v. Saenz,* 52 S.W.2d 383 (Tex.Civ.App.—Galveston 1932, writ ref'd). Also see: *Matter of Estate of Getty,* 85 Cal.App.3d 755, 149 Cal.Rptr. 656 (1978) and *In re Rogers' Estate,* 15 N.J.Super. 189, 83 A.2d 268 (N.J. County Court Probate Div. 1951).

We conclude that it is not necessary for us to decide if the bank as executor of the 1964 will and a devisee under the residuary clause and as trustee of the inter vivos trust had standing in the lower court, and if we should issue a mandamus to order the case transferred to the district court. The order entered by the trial court was a full and final disposition of all issues and all parties with regard to the probating of the last will and testament of the testator. Relator had an absolute right of appeal and an adequate remedy at law. In such a case, a mandamus will not issue. *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984); *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961) (see cases in n. 5); *Hamilton v. Gregory,* 482 S.W.2d 287 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); J.R. Norvell and R.L. Sutton, The Original Writ of Mandamus in the Supreme Court of Texas, 1 St. Mary's L.J. 177 at 180 (1969).

The mandamus is denied.

WARD, J., not sitting.