**INTERFIRST BANK OF FORT WORTH, N.A., Trustee of the John W. Henderson, III, Trust, Appellant,**

v.

**The ESTATE OF John W. HENDERSON, III, Deceased, Appellee.**

**No. 08–86–00073–CV.**

Court of Appeals of Texas, El Paso.

Oct. 15, 1986.

David C. Bakutis, Cantey, Hanger, Gooch, Munn & Collins, Fort Worth, for appellant.

Charles J. Wittenburg, Davis, Wardlaw, Hay & Wittenburg, San Angelo, for appellee.

Before OSBORN, C.J., and ARMENDARIZ and FULLER, JJ.

OPINION

OSBORN, Chief Justice.

This case involves the probate of two different wills and the validity of a trust agreement executed on the same day as the first will. The trial court denied a motion to transfer the probate proceedings to district court and entered an order dismissing the will contest and thereby leaving in effect its prior order admitting the second will to probate. We reverse and order the contest transferred to the District Court of Crockett County for further proceedings.

Following the entry of the trial court's order, the bank sought a mandamus to require that the case be transferred from the County Court to District Court. Having concluded that the bank had an appeal from a final judgment, this Court denied the application for writ of mandamus. *InterFirst Bank of Fort Worth v. Fields,* 706 S.W.2d 157 (Tex.App.—El Paso 1986).

■ The basic facts and the issues raised are set forth in that opinion. First, we hold that it was error for the trial court to dismiss the will contest after sending written notice that the hearing was to be on the "Motion to Transfer." In *Rotello v. State,* 492 S.W.2d 347 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.) and again in *Rotello v. State,* 666 S.W.2d 194 (Tex. App.—Houston [14th Dist.] 1983, no writ), it was pointed out that due process requires that appellants be given notice of a hearing on dismissal before a court may render judgment dismissing their suit. Not only did the notice state that the hearing in December, 1985, was to be on the Motion to Transfer, at the beginning of the proceeding counsel for the bank said, "[a]s I understand by the Judge's letter dated November 21st, 1985, we are here to argue our Motion to Transfer." Neither the court nor opposing counsel contested that statement and the opening argument was only with regard to transferring the case to District Court as provided for in Section 5(b) of the Texas Probate Code. The trial court erred in dismissing the will contest without proper notice. Point of Error No. Two is sustained.

■ The bank filed its petition to set aside the probate of the 1983 will and to probate the 1964 will in both its capacity as Independent Executor of the first will and as Trustee under the 1964 trust agreement. Section 5(b) of the Texas Probate Code provides that contested probate matters in counties which have no statutory probate court, county court at law or other statutory court exercising probate jurisdiction, shall on the motion of any party be trans-

ferred to the district court. See: *McDonald v. Dunn*, 570 S.W.2d 248 (Tex.Civ. App.—Waco 1978, no writ).

The district court, after a proper hearing on the contested issue, shall determine if the bank is an interested person with standing to contest the probate of the 1983 will. See: Texas Probate Code sec. 3(r) and sec. 93. The question arises as to the "interested person" status of a testamentary trustee. In an earlier case, this Court noted that the expression "person interested" has been held to include only him who either absolutely or contingently is entitled to share in the estate or the proceeds thereof as a legatee, heir, devisee, assignee, grantee or otherwise, except as a creditor. *Appleby v. Tom*, 170 S.W.2d 519 (Tex.Civ. App.—El Paso 1942, no writ). In *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212 (1947), the court concluded that the interest referred to must be a pecuniary one held by the party either as an individual or in a representative capacity which will be affected by the probate or defeat of the will. The court said:

> Thus the burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will.

Other jurisdictions which have addressed the issue have contrasted the positions of executor and trustee. In *O'Leary v. McGuinness*, 140 Conn. 80, 98 A.2d 660 (Conn.1953), the court noted that an executor has authority only to take the estate assets into possession and administer them until distribution, but a trustee in a earlier will receives appointment by virtue of the will and is bequeathed legal title to the trust res and in that respect is in the same position as a legatee under an earlier will who may contest a later will. The court in *In re Rogers' Estate*, 15 N.J.Super. 189, 83 A.2d 268 (N.J.C.C.1951), noted a clear distinction between a trustee and an executor or administrator. The court said:

> The potential property interest of a trustee is as important and as real as that of a legatee. [cases cited]. The fact that the trustee takes in a representative rather than personal capacity is immaterial.

In *Johnston v. Willis*, 147 Md. 237, 127 A. 862 (Md.1925), the court held that a trustee's interest is decidedly more substantial than an executor's. The fact that the trustee under a prior will may be motivated to contest a later will by a loss of prospective commissions will not preclude it from contesting on the ground that the potential interest in the property has been destroyed by the probate of the subsequent will. *In re Rogers' Estate*, supra.

Perhaps the best result is that reached by the Montana court in making a trustee's interest and standing dependent on the subsequent will's effect on the beneficiaries. The court in *In re Estate of Maricich*, 140 Mont. 319, 371 P.2d 354 at 355 (Mont.1962), quoted from 2 Page on Wills sec. 613, as follows:

> One to whom property is devised or bequeathed as trustee represents the interest of those for whom he holds in trust; and not the interest of the heirs, next of kin, devisees and legatees of the testator. For this reason, such trustee has power to contest a subsequent will which deprives such beneficiaries of the gift which was made to them by the prior will.

But, it would appear that where the beneficiaries are not adversely affected, the trustee would have no interest and therefore no standing.

We sustain the Appellant's Point of Error No. One and direct the County Court to transfer the case to the District Court for a hearing to determine whether the bank is an interested person with standing to contest the probate of the 1983 will in accordance with this opinion.

The order of the trial court is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.