Elizabeth Franzheim REESE, Appellant,

v.

Kenneth FRANZHEIM, II, et al., Executors,
Appellees.

No. 14443.

Court of Civil Appeals of Texas.

Houston.

July 9, 1964.

Rehearing Denied Aug. 6, 1964.

Sidney Wright, Houston, for appellant.

Vinson, Elkins, Weems & Searls, M. C. Chiles, F. Russell Kendall and Jarrel D. McDaniel, Houston, for appellees.

Waggoner Carr, Atty. Gen., J. S. Bracewell and C. L. Snow, Jr., Asst. Attys. Gen., Austin, for intervenor State.

COLEMAN, Justice.

In this case the probate of a will is contested on the ground that the attesting witnesses were not specifically informed by the testatrix, or anyone else in her presence, that the document which they had signed was a will. There is no suspicion of fraud or undue influence and no suggestion of lack of testamentary capacity.

The will was prepared at the direction of the testatrix by an experienced lawyer. She was in good mental and physical health, and had not reached an advanced age. Two men of mature age, architects employed by testatrix' husband, were requested to witness the signature of testatrix by her husband. This was done in her presence and hearing. She signed the will in the presence of the witnesses and they signed in her presence immediately thereafter. Neither of the witnesses could testify that they were specifically asked to witness a "will", although one of them testified that he felt sure that the word "will" was used. Both testified that they could not remember the exact language used in the conversation preceding and following the signing of the will. Neither would testify that they were not informed specifically that the instrument was a will. Both testified that they knew it was a will and that they saw the words "Will and Testament" in the attestation clause.

**330**

The attestation clause in the will provides as follows:

"The above instrument was here now published as her Last Will and Testament and signed and subscribed by BESSIE FRANZHEIM, the Testatrix, in our presence, and we, at her request, in her presence, and in the presence of each other, sign and subscribe our names hereto as attesting witnesses."

 There being no suspicious circumstances attending the execution of the will, the signatures of the testatrix and the attesting witnesses having been proven without controversy, a presumption of law arises that the will has been properly executed. Seydler v. Baumgarten, Tex.Civ.App., 294 S.W.2d 467, ref., n. r. e.

Since both of the attesting witnesses testified that they did not remember whether the document was published to them as a will, the attestation clause constitutes evidence that due publication was made. The trial court did not err in admitting it into evidence. Seydler v. Baumgarten, supra.

There is no evidence in this record to directly contradict any of the recitations of the attestation clause. Therefore, the proper execution of this will was established as a matter of law. Wilson v. Paulus, Tex.Com.App., 15 S.W.2d 571; Massey v. Allen, Tex.Com.App., 248 S.W. 1067.

Since there was no question for the jury to decide concerning the proper execution of this will, error, if any, in the wording of the issue submitted to the jury is immaterial and did not cause the rendition of an improper judgment in this case.

To be specific the evidence in this record establishes that the will in question was signed and subscribed by the testatrix in the presence of the witnesses and that the witnesses, at the request of the testatrix, signed and subscribed their names thereto in her presence and in the presence of each other. While an inference might have been drawn from part of their testimony that no one told the witnesses that the instrument was a will, such inferences amount to no more than a scintilla of evidence in view of the direct testimony of both of the witnesses that they did not remember whether or not the word "will" was mentioned.

We think it unnecessary to determine whether publication is necessary under the Probate Code of Texas, or whether the evidence, aside from the effect of the attestation clause, is sufficient to raise an issue for the jury as to publication.

The judgment of the trial court is affirmed.