MOSER COMPANY, Appellant,

v.

FIRST CHURCH OF CHRIST, SCIENTIST, Appellee.

No. 5451.

Court of Civil Appeals of Texas, Waco.

July 24, 1975.

Mark Mueller, Dallas, for appellant.

Hultgren, Jewell & Kolb, James J. Hultgren, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Moser Company from summary judgment it take nothing in suit for real estate commission against defendant Church.

Plaintiff sued defendant alleging its agent Lawrence Moser contacted defendant's agent William M. Morris seeking employment as a real estate broker to sell defendant Church property in Dallas; that Moser secured a purchaser for the church property for $315,000 and providing a $15,-000. commission be paid plaintiff; that Moser and Morris signed a contract to such effect; that defendant Church refused to close such sale. Plaintiff prayed for judgment for the $15,000. commission plus interest and attorneys' fees.

Defendant answered that it had never consented to a sale of substantially all of its property and assets because the contract of sale was never authorized by a two-thirds vote of the members present at any membership meeting, as required by Article 1396–5.09(A) of the Texas Non-Profit Corporation Act.

Defendant thereafter filed motion for summary judgment that plaintiff take nothing because the contract of sale upon which plaintiff seeks to recover is illegal and unenforceable as a matter of law; that Article 1396–5.09(A) of the Texas Non-Profit Corporation Act requires that the sale of substantially all the property and assets of a non-profit corporation be authorized by two-thirds of the members present at a meeting called for the purpose of considering future disposition of said property; that the November 16, 1972, meeting of defendant Church was called to consider such sale and only 28 of the 49 members present voted for confirmation.

In support of such motion defendant attached the affidavit of Mozelle Jowell, Church Clerk who testified she was custodian of all church records; that none of the records or minutes contain an approval of the contract of sale plaintiff sues on by a vote of two-thirds of the members present at any meeting held by the church; that on her personal knowledge the Contract of Sale has never been approved by a vote of two-thirds of the members present at any church membership meeting. Mrs. Jowell attached copy of minutes of the Semi-Annual Business Meeting for Membership November 16, 1972, which recites "Forty nine members were present", and that "twenty eight members" voted to accept the offer "to purchase the church property for $315,-000."

Attached also to defendant's motion was the affidavit of Willie Anita Flowers which testified that she was President of the Board of the Church; that on November 16, 1972, there was a business meeting at the church at which forty nine members were present; that only twenty eight members voted to sell the property; that to her own personal knowledge the Contract of Sale has never been approved by a vote of two-thirds of the members present at any church membership meeting.

Plaintiff filed the affidavit of Mrs. Marion A. Bolin in opposition to the Motion for Summary Judgment. Such affidavit states "at the time of the membership meeting in November 1972, approximately 6 members of the church, or more, wrote to the Church Board requesting that the sale be approved. All letters were read to the Board". And Mrs. Bolin by supplemental affidavit stated, "I have been thinking about the membership meeting of November 1972, to the best of my recollection approximately 9 people or more wrote letters in asking that the sale be approved".

Plaintiff also filed affidavit of William M. Morris in opposition to the motion for summary judgment which stated, "I am not sure how many people wrote in, but all that wrote in, that I remember, favored the sale and desired it to go through. Those peoples wishes were not counted in the vote on record at all; * * * on Thursday November 16, 1972, the church had a membership meeting and passed the sale * * * at the meeting there were 49 present, 28 voted for the sale, 2 voted against and 19 abstained".

The trial court rendered summary judgment that plaintiff take nothing.

Plaintiff appeals on 3 points contending the trial court erred in rendering summary judgment against plaintiff because:

1) There existed a material fact issue as to whether or not the agreement was approved by a ⅔'s majority of the members of defendant Church.

2) Alleged illegality did not render the agreement unenforceable as to plaintiff's commission.

3) There were equitable grounds of enforcement as to plaintiff's commission.

Plaintiff asserts there is a fact question since Article 1396–5.09(A) provides "Such authorization (for sale of property) shall require at least ⅔'s of the votes which members present at such meeting in person or by proxy are entitled to cast * * *"; and that only the votes of those present at the meeting were counted.

Plaintiff's affidavits do not show that any proxy votes were present at the membership meeting; they only show that 6 or possibly 9 members wrote to the church board that they favored the sale.

Defendant's affidavits and evidence reflect 49 members present at the membership meeting; that 28 voted for the sale. Two-thirds of the 49 present would be 33; and further that at no time was the contract of sale ever approved by ⅔'s of the vote at a membership meeting; thus ⅔'s of the membership present did not vote for the sale. Even if the 6 who "wrote in to the Board favoring the sale" should be counted, the total number present in person or by proxy would be 54; and ⅔'s of 54 would be 36; so the 28 plus 6 or 34 would not be ⅔'s of those present in person or by proxy; and if it be considered that 9 wrote to the Board and should be counted, 49 plus 9 is 58 present in person or by proxy, and ⅔'s of 58 would be 39. The 28 plus 9 or 37 favoring the sale is still short of the required ⅔'s.

■■■ The record on summary judgment is without dispute that ⅔'s of the membership at a meeting, in person or by proxy, never approved the contract of sale. Thus there was no contract to sell the church property.

A broker is precluded from recovering a commission where the contract of sale is in violation of the law. *Campbell v. Hood,*

Com.App. adopted, 35 S.W.2d 93. The courts will enforce no part of an illegal contract. *Montgomery Ward & Co. v. Lusk,* CCA, Er.Ref., 52 S.W.2d 1110; *Morrison v. City of Ft. Worth,* 138 Tex. 10, 155 S.W.2d 908. An illegal contract cannot be ratified by either party and the parties to such illegal contract cannot render it enforceable. *Continental Fire & Cas. Ins. Corp. v. American Mfg. Co.,* CCA, Er.Ref., Tex.Civ.App., 221 S.W.2d 1006. And as between the parties to a contract prohibited by law, estoppel cannot give such contract validity. *Farha v. Elam,* CCA, NRE, Tex. Civ.App., 385 S.W.2d 692.

All plaintiff's points are overruled.

Affirmed.