Mrs. Shirley GASAWAY, formerly Mrs. Shirley Nesmith Allen, Appellant,

v.

Robert E. NESMITH et al., Appellees.

No. 16830.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 24, 1977.

Rehearing Denied March 24, 1977.

Chilton Bryan, Houston, for appellant.

Jamail & Gano, Joseph D. Jamail, William J. Stradley, Houston, for appellees.

Walter D. Allen, David Byron Allen and Ann Valesca Allen, John L. Hill, Atty. Gen., David M. Kendall, Jr., First Asst. Atty. Gen., Scott Garrison, Asst. Atty. Gen., Austin, for appellee University of Houston.

**458**

EVANS, Justice.

This will contest was brought by the appellant, Shirley Nesmith Gasaway, to set aside the will of her mother, Mildred G. Nesmith, deceased, which had been admitted to probate on March 21, 1973. Mrs. Gasaway contested the will on the ground that it was not executed and witnessed in compliance with the provisions of the Texas Probate Code. The trial court granted a summary judgment in favor of the proponents of the will on January 20, 1975, but that judgment was reversed and remanded on the ground that a fact issue existed as to whether the will was signed by the testatrix in the presence of the attesting witnesses as required by the Texas Probate Code. *Allen v. Nesmith*, 525 S.W.2d 943, 946 (Tex.Civ.App.—Houston [1st] 1975, writ ref'd n. r. e., 531 S.W.2d 330). This appeal is from a final judgment entered on August 26, 1976, in favor of the proponents after a non-jury trial.

Under 46 points of error the contestant attacks the legal and factual sufficiency of the evidence to support the trial court's findings that the will was executed in accordance with the statutory prerequisites and contends that the trial court erred in excluding certain testimony under the Dead Man's Statute, Article 3716, Tex.Rev.Civ. Stat.Ann.

■ The will of Mildred G. Nesmith is self-proved, evidencing on its face compliance with the provisions of Section 59, Texas Probate Code. As stated in this court's previous opinion in this case, a self-proving affidavit constitutes prima facie evidence of the validity of the execution of the will, and although the attesting affidavit is subject to contradiction by competent testimony, such testimony does not destroy the prima facie case established by the attestation clause and only raises a fact issue for the trier of facts. Thus, upon remand, it was for the trial court to determine the credibility and weight to be given the testimony presented on the issue. 525 S.W.2d 946.

The contestant first called as a witness Mr. Robert E. Nesmith, the surviving husband of Mildred G. Nesmith, deceased. The proponents objected to certain questions asked of Mr. Nesmith concerning the execution of his wife's will on the basis that such testimony was prohibited by the Dead Man's Statute, Article 3716, T.R.C.S., and the trial court sustained such objections. The contestant argues that the provisions of the statute were waived by the proponents' examination of this witness at a previous trial of the case. The contestant did not, however, bring for this court's review any record of a prior trial, nor was there brought forward, by bill of exceptions or otherwise, the evidence sought to be offered and a showing of its relevancy.

"Error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted, but also its relevancy; and where an appellant excepts to a court's ruling excluding testimony of a witness, but does not go further and develop by bill of exceptions what the witness's answer and testimony would have been, no error on the part of the trial court is demonstrated." *Swinney v. Winters*, 532 S.W.2d 396, 402 (Tex. Civ.App.—San Antonio 1975, writ ref'd n. r. e.).

■ The record before the court does not establish that the trial court committed reversible error in the exclusion of this witness's testimony. Rule 434, Texas Rules of Civil Procedure.

The contestant next presented the testimony of Mrs. Berath Jones, the notary public whose attesting affidavit was affixed to the will. In her affidavit Mrs. Jones had attested that the testatrix and the two subscribing witnesses, L. F. King and William T. Mixon, II, were known to her, that their names were subscribed to the will, and that they personally appeared before her and had been sworn. She attested that the testatrix had declared to her and to the witnesses in her presence that the instrument constituted her last will and testament, and had been made and executed by her as her free act and deed and for the purposes therein expressed. She further

verified that each of the witnesses, under oath and in the presence and hearing of the testatrix, testified to the testatrix' declarations that the instrument constituted her last will and testament, that she had executed it as such, and wanted each of them to sign it as a witness, which they did in her presence and at her request.

Upon direct examination by the contestant's counsel, Mrs. Jones described the office where the will had been signed by the witnesses, and then she testified that Mrs. Nesmith was not present at the time the witnesses signed or at the time when she, Mrs. Jones, executed the attesting affidavit. Mrs. Jones further testified she had not had any conversation with Mrs. Nesmith with regard to the signing of the will and that to her knowledge Mrs. Nesmith was at her home when the will was witnessed.

On cross-examination Mrs. Jones testified that she had worked for Mr. Nesmith for over seventeen years, as his secretary and "Girl Friday" and that she did everything "from his appointments to contracts and sub-contracts, meeting the public, payroll, making coffee, even vacuuming the office." She testified that on occasions she had even taken care of his little dog. At the time of trial Mrs. Jones was still in the employ of Mr. Nesmith and indicated her desire to continue to work for him. Mrs. Jones admitted that she had heard her employer say that he intended to set aside his wife's will. After additional cross-examination, Mrs. Jones admitted that her testimony at the trial was in direct contradiction to the sworn statements contained in her attesting affidavit. She also conceded that she had given previous testimony on deposition that she could not then say whether the two attesting witnesses had signed the will in the presence of the testatrix.

One of the two attesting witnesses to the will, L. F. King, had died prior to the trial and his testimony was not presented. The deposition testimony of the other attesting witness, William T. Mixon, was, however, read into evidence by the contestant. Mr. Mixon testified that the testatrix had not been in the room at the time he signed the will. However, he subsequently qualified this testimony somewhat, saying that he could not think of a way she could have been present in the office at that time without his knowing it, and that he did not see her there. Mr. Mixon was an employee of Mr. Nesmith and the son of a friend of Mr. Nesmith. He admitted that Mr. Nesmith had telephoned him prior to the taking of his deposition and told him that he wanted to break his wife's will so that his former son-in-law and grandchildren would not get anything.

The contestant also offered the deposition testimony of one of the proponents of the will, Walter Drew Allen, who was formerly married to the contestant, Shirley Gasaway. Mr. Allen had worked for his father-in-law, Mr. Nesmith, starting as a draftsman and ending in the position of a vice president. He testified that he remembered the will having been executed at the company office, but he could not recall specifics with respect to the execution or the witnessing of the execution. He felt that he had been present, but he could not swear to it. He doesn't recall seeing the testatrix, Mrs. Nesmith, in the office at that time. He did not see the other witnesses sign their names to the will.

■ After a will has been duly admitted to probate, the burden is upon the contestant of the will to establish its invalidity. *Renn v. Samos*, 33 Tex. 760 (1870); *Bell v. Bell*, 248 S.W.2d 978 (Tex.Civ.App.—Amarillo 1952, writ ref'd n. r. e.); *Crane v. Pierce*, 257 S.W.2d 510 (Tex.Civ.App.—Dallas 1953, writ ref'd). Thus, in the case at bar, the contestant, rather than the proponents, carried the burden of proof.

■ The trial court expressly found that the testimony presented by the contestant with respect to the execution of the will was not believable and concluded that the contestant had failed to rebut by credible proof the prima facie validity of the will as evidenced by the self-proving affidavit executed in compliance with Section 59, Texas Probate Code. The court was entitled to view the testimony of the contestant's witnesses in the light of their prior

affidavits, and it was not required to believe their testimony. Its findings are supported by credible evidence of probative value and are not against the great weight and preponderance of the evidence. Upon finding that the contestant had failed to meet her burden of establishing the invalidity of the will, the trial court properly entered judgment for the proponents.

The judgment of the trial court is affirmed.