**Johnny H. McDONALD et al., Relators,**

v.

**Robert C. DUNN, County Judge, Respondent.**

**No. 5945.**

Court of Civil Appeals of Texas, Waco.

Aug. 24, 1978.

Bradley C. Miles, San Angelo, for relators.

Julius C. Jacobs, Corsicana, for respondent.

## OPINION

McDONALD, Chief Justice.

Relators McDonald et al., filed this original proceeding seeking writ of mandamus requiring Respondent, Honorable Robert C. Dunn, County Judge of Navarro County, to transfer Cause No. 11,174 styled "*In Re The Estate of J. M. Wilson, Deceased*" to the District Court of Navarro County.

*In Re The Estate of J. M. Wilson, Deceased,* involves a contested probate matter now pending in the County Court of Navarro County.

On June 6, 1978 Relators, who are contestants in such proceeding, filed motion pursuant to Section 5(b) Texas Probate Code to transfer the proceeding to the 13th District Court of Navarro County. On July 13, 1978 Respondent Judge Dunn denied such motion.

On July 31, 1978 Relators filed motion for leave to file petition for writ of mandamus in this Court to require Judge Dunn to transfer such cause to District Court. This Court granted such motion, and filed Relator's petition for writ of mandamus.

Section 5(b) Texas Probate Code provides:

"In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all [probate matters] shall be filed and heard in the county court, *except that in contested probate matters,* the judge of the county court may on his own motion, *or shall on the motion of any party to the proceeding transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court.*"

Prior to 1941 Navarro County had a Constitutional County Court. In 1941 the 47th Legislature passed Article 1970–326.[1]

"County Court of Navarro County; Jurisdiction:

"Section 1. The County Court of Navarro County shall have and exercise the general jurisdiction of a Probate Court, shall probate wills * * * but neither said County Court of Navarro County, nor the Judge thereof shall have any jurisdiction over matters of eminent domain, or other original civil jurisdiction; * * * provided however, that all future statutes pertaining to probate matters enacted by the Legislature of the State of Texas, shall be operative in said Navarro County, as fully as though this statute had not been enacted.

"Section 2. That the District Court of Navarro County and the presiding judge thereof shall have and exercise original jurisdiction in matters of eminent domain and in all civil matters and causes over which, by the laws of this State, the County Court of Navarro County would have had original jurisdiction, but for the provisions set out in Section 1 of this Act; * * * *".

The above statute was held to be constitutional in *Rogers v. Graves,* Tex.Civ.App. (Waco) Er. Refused, 221 S.W.2d 399.

---

1. The Legislature is empowered by Section 22, Article 5, Texas Constitution to "increase, diminish or change the civil and criminal jurisdiction" of County Courts by local or general law.

Section 5(b) of the Probate Code requires the County Judge, on motion of any party to contested probate matters, to transfer the entire proceeding to the District Court if the County Court of Navarro County is a Constitutional Probate Court.

If the County Court of Navarro County is a "County Court at Law" or "other statutory court exercising probate jurisdiction," then the Judge thereof is not required to transfer a contested probate matter to the District Court.

The question here is whether the Constitutional County Court of Navarro County was rendered a "County Court at Law or other statutory court exercising the jurisdiction of a probate court" by the Legislature's passage of Article 1970–326 in 1941.

We hold that the Legislature's action in 1941 did not create a "County Court at Law or other statutory court exercising the jurisdiction of a probate court"; that such act simply diminished the jurisdiction of the Constitutional County Court pursuant to Section 22, Article 5 of the Texas Constitution; that the County Court of Navarro County remains a Constitutional County Court exercising probate jurisdiction; and as such is subject to the provisions of Section 5(b) of the Probate Code. *Regian v. Sowell,* Tex.Civ.App. (Waco) NRE, 534 S.W.2d 175; *Daniels v. Hines,* Tex.Civ.App. (Texarkana) 567 S.W.2d 823.

The Respondent Judge Dunn should have granted Relators' motion and transferred the contested probate proceeding to the District Court.

However, mandamus will issue only if Judge Dunn has not transferred this case to the District Court of Navarro County within 15 days.