Jackson C. **MORRIS**, Appellant,

v.

The **ESTATE** of C. K. **WEST**, Deceased, Appellee.

No. 5439.

Court of Civil Appeals of Texas, Eastland.

July 10, 1980.

Rehearing Denied July 31, 1980.

Chester G. Ball, Ball & Landrith, Arlington, for appellant.

John H. McBryde, McBryde, Bogle & Green, J. Lyndell Kirkley, J. Shelby Sharpe, Randall Schmidt, Brown, Herman, Scott, Dean & Miles, Fort Worth, for appellee.

McCLOUD, Chief Justice.

This is a summary judgment case denying the probate of a will which shows on its face to be properly attested and self-proved. Contestants, Lorraine Morris and Patrick David West, contend that the trial court properly denied the probate of the will of C. K. West, deceased, because the summary judgment proof conclusively establishes that the two subscribing witnesses did not sign the will in the presence of the testator. Jackson C. Morris, proponent, argues that a

genuine material fact question exists as to whether the subscribing witnesses signed the instrument in the presence of C. K. West. We reverse and remand.

Section 59 of the Texas Probate Code requires that a written will not wholly in the handwriting of the testator, be attested by two or more proper witnesses who shall subscribe their names in the "presence" of the testator. The attestation clause of the will in question recites that the subscribing witnesses, Cole and Hooker, signed their names as attesting witnesses in the presence of C. K. West. For the purpose of this appeal we will assume, but not decide, that the attesting witnesses and the attorney who prepared the will and supervised its execution, testified in their depositions to facts, which if true, show as a matter of law that the attesting witnesses did not sign the will in the presence of the testator.

■ We think the proper rule was announced by Chief Justice Barrow, while sitting on the San Antonio Court of Civil Appeals, in *Nichols v. Rowan,* 422 S.W.2d 21 (Tex.Civ.App.—San Antonio 1967, writ ref'd n.r.e.) when he said:

The Texas cases uniformly have held that the declarations of the attestation clause showing due execution of the will are competent and admissible evidence of the facts therein recited. In *Wilson v. Paulus,* 15 S.W.2d 571 (Tex.Com.App. 1929), the Court approved the following rule: "A full attestation clause reciting compliance with all formalities of execution and signed by the witness is prima facie evidence of the validity of the will, although the witness' memory is faulty, or he contradicts the facts stated in the clause, or where he is dead. The statements of the attestation clause may, however, be rebutted by proper evidence." See also: *Massey v. Allen,* 248 S.W. 1067 (Tex.Com.App.1923); *Reese v. Franzheim,* 381 S.W.2d 329 (Tex.Civ.App.— Houston 1964, writ ref'd); *Seydler v. Baumgarten,* 294 S.W.2d 467 (Tex.Civ. App.—Galveston 1956, writ ref'd n.r.e.);

*Ludwick v. Fowler*, 193 S.W.2d 692 (Tex. Civ.App.—Dallas 1946, writ ref'd n.r.e.); 40 A.L.R.2d 1223.

Therefore, it cannot be said that there is no evidence to support the jury's finding that the witness, Mae Medlin, was in the presence of testator when she witnessed his will.

In the later case of *Allen v. Nesmith*, 525 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.] *writ ref'd n.r.e.*) *per curiam*, 531 S.W.2d 330 (Tex.1975), the only surviving subscribing witness testified that the testatrix was not present when the witness signed the will. The court, after observing that it was stated in the attestation clause that the witness signed the will in the presence of the testatrix, said:

The testimony of an attesting witness cannot destroy the prima facie case established by the attestation clause, and thereby require the proponents of the will to go forward with evidence to avoid an instructed verdict. *Wilson v. Paulus*, supra. The declarations found in such a clause are competent evidence of the facts stated. *Reese v. Franzheim*, 381 S.W.2d 329 (Tex.Civ.App.—Houston [1st Dist.], 1964, writ ref'd n.r.e.).

See also: *Jones v. Whiteley*, 533 S.W.2d 881 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.); *In re Estate of Rosborough*, 542 S.W.2d 685 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.); *Gasaway v. Nesmith,* 548 S.W.2d 457 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *Fox v. Amarillo National Bank*, 552 S.W.2d 547 (Tex. Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

The contestants failed to conclusively establish that the subscribing witnesses were not in the presence of the testator when they signed the will. The deposition testimony which we have assumed, but not decided, showed that the witnesses were not in the testator's presence, merely contradicts the attestation clause, and does no more than raise an issue of fact. *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d 854 (Tex.Com.App.1942, opinion adopted).

Judgment of the trial court is reversed and the cause is remanded for trial.