Jackson C. MORRIS, Appellant,

v.

The ESTATE OF C.K. WEST,
Deceased, Appellee.

No. 11–82–032–CV.

Court of Appeals of Texas,
Eastland.

Nov. 18, 1982.
Rehearing Denied Dec. 16, 1982.

Chester G. Ball, Ball, Landrith & Kulesz,
Jack Harris, Atty. at Law, Arlington, for
appellant.

J. Lyndell Kirkley, Beale Dean-Shelby
Sharpe-Brown, Herman, Scott, Dean &
Miles, Fort Worth, Frank Jennings, Jen-
nings, Dies & Turner, Graham, Win Hooper,
Robert D. Maddox, Atty. at Law, Fort
Worth, William G. Thompson, Atty. at Law,
Breckenridge, John McBryde, McBryde, Bo-
gle & Green, Attys. at Law, Fort Worth,

Edward B. Winn, Atty. at Law, Dallas, for appellee.

DICKENSON, Justice.

This is a probate matter involving a will and codicil which contained proper attestation clauses and self-proving affidavits. Although they appeared to have been properly executed, the jury found that the two attesting witnesses were not in the presence of the testator when the witnesses signed their names to the will and codicil. Judgment on the verdict denied probate and declared that neither document has any testamentary effect. We affirm.

Appellant, Jackson C. Morris, was formerly married to testator's daughter, Lorraine Morris. She contested the probate of her father's will because her one-third share of the residuary estate was given to her ex-husband. The other contestant, Patrick David West, testator's grandson, was omitted from the will. The other beneficiaries and heirs at law took no position on whether or not the will and codicil should be admitted to probate.

This is the second appeal involving this estate. See *Morris v. Estate of West*, 602 S.W.2d 122 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.), where this court reviewed a summary judgment denying probate of the will, stating:

> The contestants failed to conclusively establish that the subscribing witnesses were not in the presence of the testator when they signed the will. *The deposition testimony which we have assumed, but not decided, showed that the witnesses were not in the testator's presence,* merely contradicts the attestation clause, and does no more than raise an issue of fact. (Emphasis added)

The jury has now resolved that disputed fact. The jury's verdict may be summarized as follows:

SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence at the time Evelyn Cole and Judy Hooker signed their names to the September 14, 1978 document they were in the presence of C.K. West? Answer: No.

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Evelyn Cole and Judy Hooker were located in the secretarial office in Mr. Browning's offices at the time they signed their names to the instrument dated September 14, 1978? Answer: Yes.

SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that at the time Evelyn Cole and Judy Hooker signed the instrument dated September 14, 1978 that C.K. West was in the conference room in the offices of Jimmy Browning? Answer: Yes.

SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence at the time Evelyn Cole and Judy Hooker signed their names to the February 20, 1979 document they were in the presence of C.K. West? Answer: No.

SPECIAL ISSUE NO. 5

Do you find from a preponderance of the evidence that Evelyn Cole and Judy Hooker were located in the secretarial office in Mr. Browning's offices at the time they signed their names to the instrument dated February 20, 1979? Answer: Yes.

SPECIAL ISSUE NO. 6

Do you find from a preponderance of the evidence that at the time Evelyn Cole and Judy Hooker signed the instrument dated February 20, 1979 that C.K. West was in the conference room in the offices of Jimmy Browning? Answer: Yes.

The record shows that the conference room (in which C.K. West signed the will on September 14, 1978, and in which he signed the codicil on February 20, 1979) is separated from the secretarial office (in which the two witnesses signed the will and codicil) by Mr. Browning's office. The jury believed the deposition testimony that the witnesses left the conference room on each occasion after watching C.K. West sign each instrument, walked down a hallway to the secretarial office where they signed each instrument while C.K. West stayed in the confer-

ence room with Mr. Browning, and then returned to the conference room where Mr. Browning signed the self-proving affidavits in his capacity as notary public.

Appellant has briefed nine points of error. All have been considered and overruled.

■ Point One argues that the trial court erred in overruling appellant's motion for directed verdict and his motion for judgment non obstante veredicto because the witnesses were "in the presence" of C.K. West at the time they signed the will "as a matter of law." Appellant argues that since the entire procedure took place in the same suite of offices, the witnesses were in the "conscious presence" of testator and that his will and codicil should be admitted to probate. We disagree. Tex.Probate Code Ann. section 59 (Vernon 1980) requires the witnesses to sign their names "in the presence of the testator." The jury has found that the witnesses were in the secretarial office when they signed and that C.K. West remained in the conference room. The jury's findings are supported by the evidence. Those rooms are separated by the lawyer's private office. There were two solid walls between the testator and the two witnesses when the witnesses signed their names. The testator could not have seen them sign without arising from his chair, walking some four feet to the hallway and then walking about fourteen feet down the hallway to a point where he could have looked through the doorway and seen the witnesses as they signed their names.

■ Point Two argues that the court erred in giving the instructions, definitions and issues which were submitted to the jury. Appellant's requested instructions and definitions do not constitute proper objections to the charge under Tex.R.Civ.P. 274. See *Texas Employers' Insurance Association v. Jones,* 393 S.W.2d 305 at 306 (Tex.1965); *Schutz v. Southern Union Gas Company,* 617 S.W.2d 299 at 302 (Tex.Civ. App.—Tyler 1981, no writ). Special Issues 1 and 4 which were submitted to the jury are substantially the same as the two issues requested by appellant.

■ Point Three argues that "there was no evidence or legally insufficient evidence that more than slight physical exertion would have been required for Mr. West to have seen the signing of the will (and codicil, if applicable) from his position." We disagree because, as noted under Point One, he would have had to get up, leave the conference room, and walk down the hallway in order to watch the witnesses sign the will and codicil. Appellant cites *Nichols v. Rowan,* 422 S.W.2d 21 (Tex.Civ.App.— San Antonio 1967, writ ref'd n.r.e.); *Earl v. Mundy,* 227 S.W. 716 (Tex.Civ.App.—El Paso 1921, writ ref'd). In *Nichols* the court defined "conscious presence" as meaning:

(T)o be within the testator's presence the attestation must occur where testator, unless blind, is able to see it from his actual position at the time, or at most, from such position as slightly altered, where he has the power readily to make the alteration without assistance.

Clearly, it would have required more than a "slightly altered" position for the testator to have seen the witnesses sign either the will or codicil in this case. In *Earl v. Mundy,* supra, the witnesses were in the same room with the testator, and he could see all of their movements while they were in the act of signing.

■ Points Four and Five argue that "there was legally insufficient evidence" that the will and codicil were signed by the witnesses while they were in a different room than testator. Points Six and Seven argue that there was no "clear and unmistakable" evidence that either instrument was signed outside the room in which the testator was sitting and that the evidence did not overcome the sworn acknowledgment by the witnesses in the affidavits which stated they were in the presence of testator when they signed. These points are overruled. The statements of the attestation clause may be rebutted by proper evidence. *Wilson v. Paulus,* 15 S.W.2d 571 (Tex.Comm'n App.1929, holding approved); *Morris v. Estate of West,* supra; *Nichols v. Rowan,* supra. The "preponderance of the

evidence" is the proper burden of proof. See *State v. Turner,* 556 S.W.2d 563 at 565 (Tex.1977); *Meadows v. Green,* 524 S.W.2d 509 at 510 (Tex.1975). Moreover, appellant failed to request issues using his theory of "clear and unmistakable" evidence as the appropriate burden of proof.

■ Point Eight argues that contestants failed to plead and prove a sufficient interest in the estate to allow them to contest the will. This point is overruled because stipulated facts show that one contestant is decedent's daughter and the other contestant is the son of a child who predeceased testator. They are clearly entitled to contest the will and codicil under Tex. Probate Code Ann. section 10 (Vernon 1980).

■ The last point argues that the trial court erred in excluding prior contradictory testimony of one of the subscribing witnesses who said shortly after testator's death that she did not remember Mr. West or the execution of his will and codicil. Since the witness had been fully cross-examined about that statement, admitting it to the jury, there is no error in excluding additional proof as to the making of that statement. Moreover, any error in excluding this cumulative testimony would be harmless under the test stated in Tex.R.Civ.P. 434.

The judgment of the trial court is affirmed.