The JIMMY SWAGGART MINISTRIES H. Lee Hering, et al., Appellants,

v.

TEXAS COMMERCE BANK NATIONAL ASSOCIATION Mary Katherine MacDonald Leone, et al., Appellees.

No. B14–82–692CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 1, 1983.

Robert J. Piro, Piro & Lilly, Hon. Robert Hall, Woodard, Hall & Primm, Houston, Jimmy Phillips, Jr., Angleton, Charles R. Parker, Hall & Parker, Houston, James W. Bradford, Angleton, for appellants.

Thomas L. Schubert, Andrews & Kurth, Houston, LeLand B. Kee, Angleton, Preston Shirley, Grant Gerly, Mills, Shirley, McMicken & Eckel, Galveston, John L. Hopwood, Liddell, Sapp, Zivley, Brown & LaBoon, Houston, for appellees.

Before MURPHY, JUNELL and SEARS, JJ.

## OPINION

JUNELL, Justice.

The dispositive question presented in this appeal is whether the constitutional county court erred in refusing to transfer to the county court at law a contested probate matter when the appellant, H. Lee Hering, filed a motion to transfer under § 5(c) of the Texas Probate Code on the same day a summary judgment hearing was scheduled. We find such action by the constitutional county court to be error.

The will contest which gave rise to this appeal was filed on December 11, 1981 by appellee, Mary Katherine MacDonald Leone, challenging the validity of the Will, previously admitted to probate, of Zoe Margaret MacDonald Vance. On June 7, 1982 appellee Leone filed a Motion for Summary Judgment which was set for hearing at 10:00 a.m. on July 7, 1982. On June 22, 1982 appellees Diana MacDonald and Donna C. MacDonald joined in the suit as contestants and adopted appellee Leone's Motion for Summary Judgment. On June 29, 1982, appellant Hering, independent executor, filed a Motion for Partial Summary Judgment, a response to appellees' Motion for Summary Judgment, and a Motion for Continuance. The Motion for Continuance was set to be heard at the same time as the Motion for Summary Judgment.

On July 7, 1982, at 9:45 a.m., Hering filed a Motion to Transfer pursuant to § 5(c) of the Texas Probate Code. Just before the Summary Judgment hearing began, the constitutional county court denied Hering's Motion for Continuance and held that the Motion to Transfer was not timely filed. Immediately thereafter, the court heard and granted appellees' Motion for Summary Judgment, holding the Will previously admitted to probate invalid, and rescinding the appointment of Hering as Independent Executor.

After summary judgment appellee Leone in a separate proceeding applied for the appointment of a temporary administrator, and the constitutional county court appointed Texas Commerce Bank. On July 21, 1982, the constitutional county court transferred both proceedings to the County Court at Law No. 1. On August 30, 1982, the County Court at Law denied Motions for New Trial and Motions to Vacate Judgment, and at a later date set a supersedeas

bond of one million dollars. Thereafter, appellants Jimmy Swaggart Ministries and Hering perfected their appeal to this court.

The dispositive question set forth above is raised by Points of Error One and Two in each of appellants' briefs. In Point One both appellants contend that the constitutional county court lost subject matter jurisdiction upon the filing of the Motion to Transfer. Under Point Two both appellants contend that the court erred in refusing to transfer the proceeding even if subject matter jurisdiction was not lost upon the filing of the Motion to Transfer.

Section 5 of the Texas Probate Code is entitled "Jurisdiction of District Court and Other Courts of Record With Respect to Probate Proceedings and Appeals from Probate Orders." Paragraph C of Section 5 states in part:

> "*In contested probate matters, the judge of the Constitutional County Court* may on his own motion, and *shall on the motion of any party to the proceeding, transfer the proceeding* to the Statutory Probate Court, County Court at Law, or other Statutory Court exercising the jurisdiction of a probate court, which may then hear the proceeding as if originally filed in such court." (Emphasis added)

The express language of Section 5 indicates that the judge of the constitutional county court had a mandatory and nondiscretionary duty to transfer on the motion of any party. See *McDonald v. Dunn*, 570 S.W.2d 248 (Tex.Civ.App.—Waco 1978, no writ).

The constitutional county court in this cause ruled that the appellant's motion to transfer was not timely filed. Section 5 does not contain any express time limitations on when the motion to transfer must be filed. Neither is there any Texas case law which limits the time period for the filing of the motion to transfer. Appellees, however, contend that the constitutional county court should under the statute be allowed discretion to decide whether a motion to transfer is timely filed, and discretion to refuse to recognize the motion if the motion is untimely. The appellees argue that (1) judicial discretion to consider the timeliness of a motion to transfer is necessary to prevent parties from abusing the transfer process to gain unfair advantage; (2) unless the court is permitted such discretion, a party could use the Section 5(c) transfer process to terminate an ongoing hearing or trial in which he foresees an unfavorable result and obtain a trial de novo in the county court at law; and (3) there should be some stage in the proceedings of the constitutional county court at which the parties lose or waive their right to have the proceeding transfered.

■ This court need not decide whether a time limitation for the filing of the motion to transfer should be implied from the statute because the justification for the time limitation is not applicable to the circumstances in which the appellant Hering made his Motion to Transfer. Also, we do not hold that the constitutional county court lost subject matter jurisdiction upon the filing of the Motion to Transfer. We can envision circumstances under which a Motion to Transfer should be denied because not timely made; however, we believe such circumstances did not exist in this case. Appellant Hering made his Motion to Transfer prior to any summary judgment hearing or trial proceedings. We believe that a transfer of the cause at the time requested would not have unfairly disadvantaged any of the parties or resulted in a waste of judicial resources. We hold that when a party makes a motion to transfer prior to the commencement of a hearing on a motion for summary judgment, the constitutional county court is required to transfer the cause and not take any further action in the proceeding.

We also hold that under the facts of this case Rule 21 of the Texas Rules of Civil Procedure was not applicable because it was not necessary that any hearing be set on the Motion to Transfer. If, however, a hearing had been necessary, the court should have deferred any further action in the proceeding until the three days notice under Rule 21 could be given and then ruled on the Motion to Transfer before taking any other action.

The constitutional county court's failure to transfer the cause upon appellant Hering's Motion to Transfer under Section 5(c) was error. Also the court erred in hearing and granting the Summary Judgment after the Motion to Transfer had been filed and presented to the court. We reverse the Summary Judgment rendered by the constitutional county court in the contested probate proceeding No. 13,354. We also set aside the order of the constitutional county court appointing Texas Commerce Bank temporary administrator in Cause No. 13,749. We further remand both proceedings to the County Court at Law No. 1 of Brazoria County for further proceedings consistent with this opinion and the provisions of Section 5(c) of the Texas Probate Code.

Because the constitutional county court should have transferred the cause and not have held a summary judgment hearing after the appellant Hering filed his Motion to Transfer, we need not decide the merits of the Motion for Summary Judgment. However, under authorities such as *Allen v. Nesmith,* 525 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e. per curiam, 531 S.W.2d 330 (1975); *Gasaway v. Nesmith,* 548 S.W.2d 457 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *Jones v. Whiteley,* 533 S.W.2d 881 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.); and *Morris v. Estate of West,* 602 S.W.2d 122 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.) it appears that there was a genuine issue of material fact as to whether the Will that was probated was properly executed. Those cases hold that the prima facie case of the valid execution of a will by a proper attestation clause together with a self-proving affidavit is not destroyed by contradictory testimony and that there is still a fact issue to be decided by the trier of facts. The fact that the contradictory evidence is documentary rather than witness testimony would not seem to us to require a different rule.

Numerous other points have been presented by both appellants. They involve matters not likely to occur again; therefore, it is unnecessary to discuss them.