**In re Wendy Jeanette WINGFIELD, in her Capacity as Independent Executor of the Estate of O.D. Wingfield, Deceased.**

No. 10–05–00054–CV.

Court of Appeals of Texas, Waco.

March 2, 2005.

David Braun, Cassie Gresham and J. Bruce Bennett, Braun & Associates, Austin, for Appellant/Relator.

James B. Davis, Limestone County Dist. Atty., Buffalo, Patrick H. Simmons, Cannon & Simmons, Groesbeck, for Others.

TOM GRAY, Chief Justice, dissenting opinion to order lifting stay.

I am unable to sort this proceeding out based upon what is properly before us for consideration. I will try to limit this discussion to only enough information to explain why I dissent to the action currently being taken.

This is an original proceeding brought by an independent executrix of an estate. The executrix has appealed one ruling of the trial court in a separate proceeding, *In re Wingfield,* No. 10–05–00009–CV, and moved to transfer all contested matters in the probate proceeding to a district court. Tex. Prob.Code Ann. § 5(b). The county judge's refusal to transfer the contested matters to the district court is the subject of this proceeding. The county court judge has also filed, apparently for his own determination, a motion to remove the relator as independent executrix.

We issued an order staying all further proceedings before the county court judge.

A real-party-in-interest, an intervenor in the lower court, is the Centerville Volunteer Fire Department. The attorney representing the Fire Department has also filed a motion with this Court on behalf of the respondent, the county court judge.

The relator, Wendy Jeanette Wingfield, the independent executrix, died.

The motion now before us suggests that the county court judge has contacted each

of the parties and all the contested matters have been resolved and therefore the motion for the removal of the contested matters to the district court is moot. Further, the motion asserts that there is an immediate need for the county court judge to appoint a successor personal representative of the estate.

Based on the current status of this proceeding and the representation of the respondent trial court and a real-party-in-interest by the same attorney, I believe it is inappropriate for us to grant the motion lifting the stay of proceedings pending before the county court judge.

If, as asserted, there was a Rule 11 agreement entered into before the death of the relator, it has not been filed with this Court. I am not sure it would matter.

There is an overarching procedural problem that is the elephant everyone wants to ignore. The relator argued that the county judge has no authority to take *any* action over disputed issues after the motion to transfer was filed. Case law certainly seems to support that position. *In re Vorwerk*, 6 S.W.3d 781 (Tex.App.-Austin 1999, orig. proceeding); *Jimmy Swaggart Min. v. Texas Commerce Bank*, 662 S.W.2d 774 (Tex.App.-Houston [14th Dist.] 1983, no writ); *McDonald v. Dunn*, 570 S.W.2d 248 (Tex.Civ.App.-Waco 1978, orig. proceeding).

The duly appointed independent executrix filed the motion to transfer prior to her death. No new personal representative has been appointed. What if the deceased executrix is correct? Everything, I mean everything, the county judge does until there is a remand order from the district court is procedurally suspect. He may have no authority to act. No authority to appoint new or substitute personal representatives. No authority to approve settlements. No authority to approve the sale of real property. No authority to dismiss claims or complaints. The argument has even been made the actions are void as being without jurisdiction. *See Jimmy Swaggart Min.*, 662 S.W.2d at 776.

All we are doing is creating procedural uncertainty and indefinitely clouding title to real property.

If transferred to district court, there would be no problem with the district court acting on the various pending motions and taking any needed action on the transferred issues. If the trial court determined there was no longer a matter in dispute, the transfer back to the county court would at least limit the procedural issues.

The bottom line is knowing that the trial court and a real-party-in-interest are represented by the same attorney and that there is a substantial question of the county judge's authority to take any action on any matter that was arguably contested, I cannot grant the relief requested that will result in putting the county judge in control of proceedings while one of the parties is represented by the attorney who represented the county judge in this mandamus arising out of the same proceeding. I question whether, at this point, the county judge can be put back in control of these proceedings but will reserve a determination of that issue. Accordingly, with so many unanswered questions, I must note my dissent to the actions taken by the Court.