

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00001-CV

**IN THE ESTATE** of Reynaldo Contreras **HERNANDEZ**, Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2023PC01658
Honorable Veronica Vasquez, Judge Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: April 22, 2026

REVERSED AND REMANDED

This appeal arises from a will contest in which the probate court granted summary judgment declaring the testator's will invalid based on the movant's contention that the will was forged. Because the will is supported by a statutory presumption of validity and the summary judgment record contains competing evidence regarding the authenticity of the testator's signature, we conclude that a genuine issue of material fact exists regarding the will's validity. We therefore reverse the summary judgment and remand this case for further proceedings.

BACKGROUND

Reynaldo Contreras Hernandez died testate, leaving a will dated April 22, 2022. The will names his son, Henry Ray Hernandez, as executor and sole beneficiary. The probate court admitted the will to probate and appointed Henry's wife as independent administrator. The testator's daughter, Dominica H. Trevino later contested the will. Among other allegations, Dominica asserted that the testator did not sign the will and that his signatures appearing on the will and its self-proving affidavit were forged.

The parties filed competing motions for summary judgment. Dominica moved for traditional summary judgment, arguing the will was invalid because it lacked the testator's signature as required by section 251.051 of the Texas Estates Code. In support of her motion, Dominica relied on the affidavit and report of a document examiner who concluded the signature on the will was not written by the testator. The summary-judgment record also included the facially valid will and a notarized self-proving affidavit.

The probate court, finding no genuine issue of material fact regarding the will's validity, granted Dominica's motion for summary judgment, declared the will invalid, removed the administrator, and awarded attorney's fees. This appeal follows.[1]

STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment under a de novo standard. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). A traditional motion for summary judgment may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A

---

[1] We note that appellant is proceeding pro se and appellee has elected to forgo filing a brief.

defendant moving for traditional summary judgment must conclusively negate at least one essential element of the plaintiff's cause of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 814 (Tex. 2005). On review, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017).

## WILL VALIDITY

A valid will must be in writing and signed by the testator. *See* TEX. EST. CODE ANN. § 251.051. A will supported by a self-proving affidavit creates prima facie evidence of valid and proper execution. *See* TEX. EST. CODE ANN. § 251.102; *In re Estate of Arrington*, 365 S.W.3d 463, 466 (Tex. App.—Houston [1st Dist.] 2012, no pet.). However, this presumption is not conclusive. A self-authenticated will's authenticity may still be challenged by competent evidence in a will contest. *See* TEX. EST. CODE ANN. § 256.106; *Guthrie v. Suiter*, 924 S.W.2d 820, 829 (Tex. App.—Houston [1st Dist.] 1996, no writ). In such a case, the burden then shifts to the contestant to produce evidence overcoming the presumption of validity. *Cotten v. Cotten*, 169 S.W.3d 824, 828 (Tex. App.—Dallas 2005, pet. denied).

When competent contradictory evidence regarding execution is presented, the issue becomes one for the trier of fact. It is therefore inappropriate for summary judgment resolution unless the evidence is conclusive. *See Gasaway v. Nesmith*, 548 S.W.2d 457, 458 (Tex. App. — Houston [1st Dist.] 1977, writ ref'd n.r.e.) (noting that, "although the attesting affidavit is subject to contradiction by competent testimony, such testimony does not destroy the prima facie case

established by the attestation clause and only raises a fact issue for the trier of facts."). Under these principles, we conclude that the trial court erred in granting summary judgment because the record contains conflicting evidence regarding the authenticity of the testator's signature.

ANALYSIS

Dominica's motion for summary judgment was based on her assertion that the testator's will did not contain his genuine signature. In support of her motion, Dominica relied on an expert document examiner's affidavit concluding that the signatures appearing on the will and self-proving affidavit were not written by the testator. The summary judgment record also contains the will itself. The will appears facially valid and bears the signatures of the testator, two attesting witnesses, and a notarized self-proving affidavit.

We note that the handwriting expert in this case appears to be the same handwriting expert involved in *Matter of Estate of Zerboni*, 556 S.W.3d 482, 488 (Tex. App.—El Paso 2018, no pet.). In *Zerboni*, the court held that the expert's affidavit was conclusory because it did not identify a specific characteristic in the signature that supported his conclusion that it was a forgery. *Id*. at 489. While the expert affidavit in this case appears to contain the same defects as those found in *Zerboni*, we need not reach the issue of whether the expert's affidavit is competent summary judgment proof. Even when viewed in the light most favorable to the affidavit's competency, this testimony does nothing more than create a fact issue in the face of a facially valid will. *See Estate of Wynn*, No. 10-23-00187-CV, 2025 WL 3677114, at *7 (Tex. App.—Waco Dec. 18, 2025, no pet. h.) (finding testimony of alleged forgery raised issue of fact regarding whether will was signed by testator); *In re Estate of Adams,* No. 14-12-00064-CV, 2013 WL 84925, at *4 n.7 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (noting testimony regarding invalidity of will would not destroy prima facie case established by attesting affidavit but would raise fact issue for trier of

facts to determine); *see also In re Estate of Whipple*, 04-11-00645-CV, 2013 WL 1641414, at *9 (Tex. App.—San Antonio Apr. 17, 2013, pet. denied) (noting proper expert opinion relying on comparison of exemplar signatures to questioned signature creates fact question for jury).

To overcome the presumption of will validity at the summary judgment stage, Dominica was required to conclusively negate execution, not merely call it into question. *See Martinez*, 941 S.W.2d at 911. Viewing the evidence in the light most favorable to the estate as the nonmovant, the record reflects conflicting evidence regarding whether the testator signed the will. Resolving that conflict would require weighing the competing evidence and assessing credibility—tasks reserved for the factfinder and not appropriate for resolution by summary judgment. *See Guthrie v. Suiter*, 934 S.W.2d 820, 832 (Tex. App.—Houston [1st Dist.] 1996, no writ) (finding summary judgment inappropriate when evidence surrounding will execution was equally consistent between two versions of events); *Gasaway*, 548 S.W.2d at 459 (concluding it was for the trial court to determine the credibility and weight to be given the testimony presented on the issue of will validity).

Because Dominica did not conclusively establish that the will lacked the testator's signature, she did not meet her burden to show entitlement to judgment as a matter of law. The trial court therefore erred in granting summary judgment declaring the will invalid.

CONCLUSION

We reverse the trial court's summary judgment and remand the case for further proceedings consistent with this opinion.

H. Todd McCray, Justice